# IN THE UNITED STATES DISTRICT COURT
## NORTHEN DISTRICT OF OHIO

|  |  |
|---|---|
| **NICOLE FORNI** ) | |
| C/O Lipson O'Shea Legal Group ) | CASE NO. |
| 19300 Detroit Road #202 ) | |
| Rocky River, Ohio 44116 ) | |
| ) | |
| **Plaintiff** ) | JUDGE: |
| ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **COMPLAINT** |
| **JOSHUA RESNICK** ) | with request for preliminary |
| 1070 Fair Avenue ) | injunction per Fed R. 65 |
| Columbus, Ohio 43205 ) | |
| ) | |
| and ) | |
| ) | |
| **SHUTTERSTOCK, INC.** ) | |
| 350 Fifth Avenue, 21st Floor ) | |
| New York, NY 10118 ) | |
| ) | |
| and ) | |
| ) | |
| **PLAYBOY ENTERPRISES, INC.** ) | |
| 2300 W Empire Ave ) | |
| 7th Floor ) | |
| Burbank, CA 91504 ) | |
| ) | |
| and ) | |
| ) | |
| **PLAYBOY PLUS ENTERTAINMENT,** ) | |
| **INC.** ) | |
| 2300 W Empire Ave ) | |
| 7th Floor ) | |
| Burbank, CA 91504 ) | |
| ) | |
| and ) | |
| ) | |
| **AMAZON.COM, INC.** ) | |
| 410 Terry Avenue North ) | |
| Seattle, WA 98109-5210 ) | |
| ) | |
| and ) | |

**BARNES & NOBLE, INC.**                )
P.O. Box 111                            )
Lyndhurst, NJ 07071                     )
                                        )
and                                     )
                                        )
**WALLSHEAVEN,INC.**                    )
1133 Broadway Suite 706                 )
New York, New York 10010                )
                                        )
and                                     )
                                        )
**EMMA NICHOLS**                        )
address unknown                         )
                                        )
and                                     )
                                        )
**LEXI HUNT**                           )
address unknown                         )
                                        )
and                                     )
                                        )
**AVA GRIFFIN**                         )
address unknown                         )
                                        )
and                                     )
                                        )
**ANNI RAY**                            )
address unknown                         )
                                        )
and                                     )
                                        )
**T.C. AVERY**                          )
address unknown___                      )
                                        )
                                        )
and                                     )
                                        )
**PEACH MADISON**                       )
address unknown                         )
                                        )
and                                     )
                                        )
**ADAM ARMSTRONG**                      )
address unknown                         )
                                        )

and                                     )
                                        )
**LOTHARIO SYSTEM**                     )
address unknown                         )
                                        )
and                                     )
                                        )
**BRADP.COM**                           )
address unknown__                       )
                                        )
and                                     )
                                        )
**BLUSH STRIP CLUB**                    )
135, 9th Street                         )
Pittsburgh, PA 15222                    )
                                        )
and                                     )
                                        )
**BLUSH GENTLEMEN'S CLUB**              )
5145 McLoughlin Blvd                    )
Portland, OR 97202                      )
                                        )
and                                     )
                                        )
**VEGAS CABARET**                       )
5428 North University Drive             )
Lauderhill, FL      33351               )
                                        )
and                                     )
                                        )
**THE LOVE STORE**                      )
4440 East Cheyenne Avenue               )
Las Vegas, Nevada 89115                 )
                                        )
and                                     )
                                        )
**EDWARD J WHEELER**                    )
dba The Love Store                      )
4440 East Cheyenne Avenue               )
Las Vegas, Nevada 89115                 )
                                        )
and                                     )
                                        )
**KHRD-FM 103.1 / 93.3 FM RADIO**       )
1588 Charles Drive                      )
Redding, CA 96003                       )
                                        )
and                                     )

**RESULTS RADIO LLC**       )
1355 N. Dutton Ave Suite 225  )
Santa Rosa, CA 95401      )
                                     )
and                         )
                                     )

**CLEAR CHANNEL**         )
**COMMUNICATIONS, INC.**    )
dba **WDTW 106.7 FM RADIO**   )
    **DETROIT**                )
200 East Basse Road        )
San Antonio, Texas 78209    )
                                     )
and                         )
                                     )

**MUZU TV**              )
19 South William Street    )
Dublin 2, Ireland        )
                                     )
and                         )
                                     )

**FABULOUS VEGAS ESCORTS.COM** )
3135 S. Industrial Rd.     )
Las Vegas, NV 89109      )
                                     )
and                         )
                                     )

**UPROXX  MEDIA, INC.**     )
1602 Alton Rd., #447     )
Miami Beach, FL 33139    )
                                     )
and                         )
                                     )

**MODEL MAYHEM.COM**       )
909 N Sepulveda Blvd.    )
El Segundo, California 90245  )
                                     )
and                         )
                                     )

**CLOVER HOLDINGS LIMITED**  )
dba Sex.com            )
Egmont Street, Bonadies Plaza )
  Suite 3               )
Kingstown, Saint Vincent   )
                                     )

and                                        )
                                           )
**MEZZO MEDIA**                            )
dba Cougar911.com                          )
address unknown                            )
                                           )
and                                        )
                                           )
**MEZZO MEDIA**                            )
dba Cougar911.com                          )
address unknown                            )
                                           )
and                                        )
                                           )
**JOHN DOE INTERNET PORNOGRAPHY** )
   **COMPANY** No. 1                        )
address unknown                            )
                                           )
and                                        )
                                           )
**JOHN DOE INTERNET PORNOGRAPHY** )
   **COMPANY** No. 2                        )
address unknown                            )
                                           )
and                                        )
                                           )
**JOHN DOE INTERNET PORNOGRAPHY** )
   **COMPANY** No. 3                        )
address unknown                            )
                                           )
and                                        )
                                           )
**JOHN DOE INTERNET PORNOGRAPHY** )
   **COMPANY** No. 4                        )
address unknown                            )
                                           )
and                                        )
                                           )
**JOHN DOE INTERNET PORNOGRAPHY** )
   **COMPANY** No. 5                        )
address unknown                            )
                                           )
and                                        )
                                           )
**JOHN DOE INTERNET PORNOGRAPHY** )
   **COMPANY** No. 6                        )
address unknown                            )
                                           )

```
and                              )
                                 )
JOHN DOE INTERNET PORNOGRAPHY    )
   COMPANY No. 7                 )
address unknown                  )
                                 )
and                              )
                                 )
JOHN DOE INTERNET PORNOGRAPHY    )
   COMPANY No. 8                 )
address unknown                  )
                                 )
              Defendants.        )
```

Now comes plaintiff Nicole Forni ("Plaintiff") and for Plaintiff's complaint against the captioned defendants (collectively, the "Defendants"), states, avers and alleges:

## <u>PARTIES AND JURISDICTION</u>

1.  Plaintiff is a professional model and a citizen of the State of Ohio.

2.  Defendant Joshua Resnick ("Defendant Resnick") is an alleged professional photographer and is  citizen of the State of Ohio.

3.  Defendant Shutterstock, Inc. ("Defendant Shutterstock") is a photography sales internet company located in New York, New York.

4.  Defendant Playboy Enterprises, Inc. and/or defendant Playboy Plus Entertainment, Inc. (collectively, "Defendant Playboy") is an adult sex-oriented company located in Burbank, California.

5.  Amazon.com, Inc. ("Defendant Amazon") is a company which

sells products, including but not limited to books of all kinds, through internet retail sales, and is located in Seattle, Washington.

6. Barnes & Noble, Inc. ("Defendant Barnes & Noble") is a company which sells products, including but not limited to books of all kinds, through internet and retail sales, and is located in Lyndhurst, New Jersey.

7. Defendant Wallsheaven ("Defendant Wallsheaven") is a photography/wall mural sales internet company which refuses to reveal its true geographical location.

8. Defendant Emma Nichols ("Defendant Nichols") is an author of adult-oriented and/or erotic books sold through Defendant Amazon, and whose address (and potentially real name) is unknown to the Plaintiff but known to Defendant Amazon.

9. Defendant Lexi Hunt ("Defendant Hunt") is an author of adult-oriented and/or erotic books sold through Defendant Amazon, and whose address (and potentially real name) is unknown to the Plaintiff but known to Defendant Amazon.

10. Defendant Anni Ray ("Defendant Ray") is an author of adult-oriented and/or erotic books sold through Defendant Amazon and Defendant Barnes and Noble, and whose address (and potentially real name) is unknown to the Plaintiff but known to Defendant Amazon.

11. Defendant Ava Griffin ("Defendant Griffin") is an author of adult-oriented and/or erotic books sold through Defendant

Amazon, and whose address (and potentially real name) is unknown to the Plaintiff but known to Defendant Amazon.

12. Defendant T.C. Avery ("Defendant Avery") is an author of adult-oriented and/or erotic books sold through Defendant Amazon, and whose address (and potentially real name) is unknown to the Plaintiff but known to Defendant Amazon.

12. Defendant Peach Madison ("Defendant Madison") is an author of adult-oriented and/or erotic books sold through Defendant Amazon, and whose address (and potentially real name) is unknown to the Plaintiff but known to Defendant Amazon.

13. Defendant Adam Armstrong ("Defendant Armstrong") is an author of adult-oriented pick-up/female seduction books sold through the internet, and whose actual physical location is hidden from the presentation of the web site in the internet.

14. Defendant Lothario System ("Defendant Lothario") is an adult-oriented pick-up/female seduction line of books sold through the internet, and whose actual company name and/or individual name and physical location is hidden from the presentation of the web site in the internet.

15. Defendant BradP.com ("Defendant BradP") is an adult-oriented pick-up/female seduction line of books sold through the internet, and whose actual company name and/or individual name and physical location is hidden from the presentation of the web site in the internet.

16. Defendant Blush Strip Club ("Defendant Blush Pittsburgh")

is an nude and/or semi-nude dance club located in Pittsburgh, Pennsylvania.

17.   Defendant Blush Gentlemen's Club ("Defendant Blush Portland") is an nude and/or semi-nude dance club located in Portland, Oregon.

18.  Defendant Vegas Cabaret ("Defendant Vegas Cabaret") is an nude and/or semi-nude dance club located in Los Vegas, Nevada.

19. Defendant the Love Store and/or defendant Edward Wheeler ("collectively, "Defendant Love Store") is an adult sex merchandise retail and internet sales store located in Los Vegas, Nevada.

20.   Defendant KHRD-FM 103.1 / 93.3 FM Radio and/or Results Radio LLC ("Defendant Red Radio") is a radio station located and broadcasting from Redding, California.

21.   Defendant Clear Channel Communications, Inc. Dba WDTW 106.7 FM Radio Detroit ("Defendant Clear Channel") is a radio station located and broadcasting from Redding, California.

22.  Defendant MUZU TV aka Urban Latin Records.com ("Defendant MUZU") is a Latino based internet radio/record company supposively located in Dublin, Ireland, but whose real company name and company identity is almost impossible to determine because of the web/internet foundation upon which is broadcasts its media.

23.  Defendant Fabulous Vegas Escorts.com ("Defendant FVE") is a Los Vegas website that offers paid female escorts to customers in a method that resembles prostitution or sex-for-hire services - all while making is almost impossible for one to discovery the real

company name of Defendant FVE.

24.  Defendant UPROXX Media, Inc. ("Defendant UPROXX") is an internet social media/magazine company located in Miami, Florida.

25.  Model Mayhem.com ("Defendant "Model Mayhem") is an internet modeling site that lists the names and photographs of models allegedly looking for more work as models.

26.  Defendant Clover Holdings Limited dba as Sex.com ("Defendant Clover") is an adult sexually-oriented file, photo and video sharing internet company located in Kingstown, Sain Vincent.

27.  All of the defendants currently captioned as Mizzo Media dba Cougar911.com ("Defendant Cougar911") or "John Doe Internet Pornography Company" are adult services and/or pornographic web site companies that sell adult dating services, adult pornographic photos, videos and/or live video transmissions of sex acts and/or sexually explicit acts, and, because of how they set up their web sites, their current actual name and actual mailing address is unknown to the Plaintiff.

28.  Adultentertainmentguide.net, www.121webcams.com, www.freeadultchatwebcam.blogspot.com, www.peepshows4u.com, (collectively, the "US Porn Companies") are adult pornographic web site companies that sell adult dating services, adult pornographic photos, videos and/or live video transmissions of sex acts and/or sexually explicit acts, and, because of how they set up their web sites, their current mailing address is unknown to the Plaintiff.

29. Nellyescort.com, www.sexguide-mallorca.com, redlight.net,

www.bordelle-stuttgart.com, www.erosgirls24.com, www.hot-md.de, www.ts-dating.com, www.temptationsdirect.com, www.sexdate24.net, www.libidoqueen.de, www.1000-anounces.com, www.fillesex.net, www.teste-und-verleiche.de, www.ts-dating.com, (collectively, the "Non-US Porn Companies") are adult pornographic web site companies that sell adult pornographic photos, videos and/or live video transmissions of sex acts and/or sexually explicit acts, and, because of how they set up their web site, their current mailing address is, upon information and belief, outside of the geographical boundaries of the United States.

30. This case involves the fraudulent inducement and subsequent fraudulent and illegal use of the Plaintiff's photographic images for profit, without the consent or compensation to the Plaintiff, and all of which has caused and will continue to cause vocational and/or professional damage to the current and future modeling prospects of the Plaintiff.

31. This Court has jurisdiction of this matter pursuant to 28 USC § 1331 and 15 USC § 1121.

32. This Court has jurisdiction of this matter pursuant to 28 USC § 1332, and the amount in controversy exceeds $75,000.00, and this Court has jurisdiction over all of the state law claims pursuant to 28 USC § 1367(a).

11

**FACTUAL INTRODUCTION**

33.  Plaintiff is a professional model who has been paid and continues to be paid for professional modeling work.

34.  On or about January 20, 2013, the Plaintiff was contacted by Defendant Resnick to see if the Plaintiff would be willing to work for what is called a Trade for Portfolio ("TP"), which is a modeling industry arrangement where the model does a photo shoot with a photographer on a service exchange compensation basis wherein the photographer gets to add photos to his/her portfolio and the model gets to add photos to his/her portfolio.

35.  Plaintiff agreed to and did travel to the Defendant Resnick's photography studio in Columbus, Ohio to take the photographs for the TP.

36.  Prior to the commencement of the TP session, Plaintiff conditioned her involvement in the TP session with an oral and unconditional promise from Defendant Resnick that none of the photos Defendant Resnick was going to take of the Plaintiff would be used, directly or indirectly, in any adult-oriented, pornographic, or obscene manner, and Plaintiff expressly conditioned her involvement in the photo shoot and with Defendant Resnick on this basis.

37.  After the completion of the TP session but prior to the departure from Defendant Resnick's studio, Plaintiff signed a "Universal Adult Model Release for All Agencies" written document (the "Resnick Document") which did not memorialize the oral

agreement Plaintiff had with Defendant Resnick and did contain an integration and/or merger clause.  A copy of the Resnick Document is attached hereto and made a part hereof as <u>Exhibit A</u>.

38.  Because of the lack of a integration and/or merger clause, all of the oral statements, representations and/or promises made by Defendant Resnick, are part of the complete contract between the Plaintiff and Defendant Resnick (the "Resnick Contract").

39.  Almost immediately after the completion of the photo shoot, Defendant Resnick, in complete violation of the Resnick Contract, began to sell the photos of the Plaintiff on the internet to various purchasers for adult-oriented and/or sexual purposes, including but not limited to Defendant Shutterstock, Defendant Playboy, Defendant Emma Nichols, Defendant Hunt, Defendant Griffin, Defendant Ray, Defendant Avery, Defendant Madison, Defendant Armstrong, Defendant Lothario, Defendant BradP, Defendant Blush Pittsburgh, Defendant Blush Portland, Defendant Vegas Cabaret, Defendant Love Store, Defendant Red Radio, Defendant Clear Channel, Defendant MUZU, Defendant FVE, Defendant UPROXX, Defendant Model Mayhem.com, Defendant Clover, all of the John Doe Internet Photograph Company defendants, the US Porn Companies and the Non-Us Porn Companies (all of these defendants being hereinafter collectively referred to as the "Adult Photo Companies").

40.  Plaintiff discovered the actions of Defendant Resnick when family and friends contacted the Plaintiff and informed

Plaintiff that Plaintiff's photos were found on Defendant Playboy's website and, eventually, the website of the other Adult Photo Companies.

41.   Plaintiff also discovered, and further investigation has revealed, that her photos were being used on the erotic author book covers of Defendant Nichols, Defendant Hunt, Defendant Griffin, Defendant Ray, Defendant Avery Defendant Madison, Defendant Armstrong, Defendant Lothario and Defendant Bradp, and that some of those books were being promoted and sold, along with the actual photos of the Plaintiff, on the web sited of Defendant Amazon and Defendant Barnes and Noble.

42.   Plaintiff has also discovered, and further investigation has revealed, that Plaintiff's photographs are being regularly used by the Adult Photo Companies to promote adult sexually-oriented products and services, including but not limited to prostitution, sexual products, sexual services, sex trades, stripper services, escort services, billboards, and/or wall paper/murals.

43.   Defendant Wallsheaven is selling Plaintiff's photos for inclusion on wall paper and/or large murals, all sold through Defendant Wallsheaven's website in a manner that makes it currently impossible to locate the actual place of business for Defendant Walls heaven.

44.   Many of the photos improperly sold by Defendant Resnicjk were and continue to be sold through a website operated by Defendant Shutterstock.

45. Defendant Shutterstock has a written contract it uses in facilitating its sale of photos called a  Terms of Service agreement ("TOS Agreement").   A copy of the TOS Agreement is attached hereto and made a part hereof as <u>Exhibit B</u>.

46.  The TOS Agreement has an express prohibition against the use of photographs sold off the site which are for pornography, adult videos, adult entertainment, escort activities, and/or dating activities.

47.  The TOS Agreement prohibits the use of any of the photos in any way which implies that the model engages in immoral or illegal activity or in a manner which a reasonable person might find offensive.

48.  Because of the use of the Plaintiff's photographs on Defendant Shutterstock's web site, the Plaintiff is a third party beneficiary of the TOS Agreement.

49.  The discovery by the Plaintiff and her family of the use of her photos as set forth herein has caused serious emotional distress and humiliation to the Plaintiff, and the wide spread use of the Plaintiff's photos as set forth herein has caused serious damage to the Plaintiff's modeling reputation and vocational pursuits, and  the wide spread use of the Plaintiff's photos as set forth herein has caused both economic and non-economic damages to the Plaintiff as defined by Ohio statutory law, plus the dilution of the value of Plaintiff's photographs, images and reputation.

50.  Because of the way that Plaintiff's photos have been used

as set forth herein, and because of the "viral" nature of the internet, it is virtually impossible for the Plaintiff to discovery just how many used and web sites use Plaintiff's photos, further increasing the emotional distress and/or humiliation and further damaging the Plaintiff as set forth above in the preceding paragraph.

## COUNT I
## BREACH OF CONTRACT
## (Defendant Resnick)

51. Plaintiff incorporate all paragraphs of this pleading as if fully rewritten herein.

52. Plaintiff has fully performed under the Resnick Agreement.

53. Defendant Resnick has breached the Resnick Agreement by selling the Plaintiff's photographs as set forth herein.

54. Said breach is the proximate cause of the aforementioned damages to Plaintiff.

## COUNT II
## FRAUDULENT INDUCEMENT
## (Defendant Resnick)

55. Plaintiff incorporate all paragraphs of this pleading as if fully rewritten herein.

56. In the event that Defendant Resnick successfully argues that the Resnick Document is the only binding agreement

between the Plaintiff and Defendant Resnick, then there is little doubt that the Plaintiff was fraudulently induced into signing the Resnick Document.

57. Plaintiff relied on the representations and promises made by Defendant Resnick concerning the limited use of the photographs, and said reliance was reasonable.

58. Plaintiff's reliance and the representations made by Defendant Resnick were material to the Plaintiff's decision to engage in the photo shoot and to sign the Resnick Document.

59. Defendant Resnick's statements, promises and/or representations were knowingly false and/or made with reckless disregard for the truth.

60. Defendant Resnick's statements, promises and/or representations were made with the intention of getting the Plaintiff to sign the Resnick Document.

61. As a result of the fraud in the inducement actions of Defendant Resnick, the Plaintiff has incurred damages as set forth above and, if the Resnick Document is deemed to be the only binding agreement between the Plaintiff and Defendant Resnick, the Resnick Document (as a contract) should be rescinded.

**COUNT III**
**FRAUD**
**(Defendant Resnick)**

62.  Plaintiff incorporate all paragraphs of this pleading as if fully rewritten herein.

63.  Plaintiff relied on the representations and promises made by Defendant Resnick concerning the limited use of the photographs, and said reliance was reasonable.

64.  Defendant Resnick were material to the Plaintiff's decision to engage in the photo shoot and to sign the Resnick Document.

65.  Defendant Resnick's statements, promises and/or representations were knowingly false and/or made with reckless disregard for the truth.

66.  Defendant Resnick's statements, promises and/or representations were made with the intention of getting the Plaintiff to sign the Resnick Document and so that Defendant could gain possession and control of Plaintiff's photographs.

67.  As a result of said fraud, the Plaintiff has incurred damages as set forth above.

## COUNT IV
## THIRD PARTY BENEFICIARY - BEACH OF TOS AGREEMENT
## (all Defendants)

68. Plaintiff incorporate all paragraphs of this pleading as if fully rewritten herein.

69. Plaintiff is a third party beneficiary of the TOS Agreement.

70. Upon information and belief, the vast majority of the photos being used by the Adult Photo Companes (and all of the captioned defendants) were acquired from the web site operated by Defendant Shutterstock.

71. The TOS Agreement specifically prohibits the use by the Adult Photo Companies of the photos in the manner in which the photos are currently used by the Adult Photo Companies (and all of the captioned defendants).

72. Because Plaintiff is a third party beneficiary of the TOS Agreement, Plaintiff has standing to pursue a breach of the TOS Agreement as it relates to the purchase/acquirement of the photos off the website operated by Defendant Shutterstock by any of the captioned defendants.

73. Because of the breaches of the TOS Agreement by the Adult Photo Companies (including all of the captioned defendants), the Plaintiff has suffered (and will continue to suffer) the damages set forth above.

19

**COUNT V**
**VIOLATION OF THE LANHAM ACT (15 USC 1051 et seq.)**
(**all Defendants**)

75.  Plaintiff incorporate all paragraphs of this pleading as if fully rewritten herein.

76.  The Defendants have made in commerce a false or misleading representation of fact in connection with goods or services that is likely to cause consumer confusion as to the origin, sponsorship or approval of goods and services.

77.  The Defendants's use of the photographs on the internet are aimed and occur across state lines in the Ohio area and via the internet to all fifty states and internationally.

78.  Plaintiff has not and would nver authorize the Defendants to so use Plaintiff's picture, image or likeness.

79.  The Defendants' use of Plaintiff's picture, image and/or likeness falsely implies that the Plaintiff is a participant with, affiliate of and/or endorses the goods and services being offered by the Defendants, and is likely to cause consumer confusion and/or assumptions and therefore constitutes false advertising and unfair competition.

80.  The Defendant's acts have been will, intentional, reckless, wanton, knowing, deliberate and intended to benefit the Defendants at Plaintiff's expense.

20

81.  As a result of the Defendants' actions as set forth above, the Plaintiff has been damaged as set forth above, plus the dilution of the value of Plaintiff's photographs, images and reputation.

82.  As a result of the Defendants' actions as set forth above, the Plaintiff is also entitled to recover treble damages, reasonable attorney fees and costs.

83.  As a result fo the Defendants' actions as set forth above, and given the ongoing nature of the Defendants' conduct as set forth above, the Plaintiff may in fact have no adequate remedy at law and needs this Court to immediately issue a preliminary and permanent injunction against all of the Defendants from any future use of the Plaintiff's photographs.

## COUNT VI
## OHIO RIGHT OF PUBLICITY IN INDIVIDUAL PERSONA
## RC 2741.01 et seq.

84.  Plaintiff incorporate all paragraphs of this pleading as if fully rewritten herein.

85.  Ohio law, per RC 2741.01 et seq. (the "Ohio Act"), protects against unwarranted appropriation or exploitation of one's personality and holds that the right of publicity is a property right.

86.  The Ohio Act defines "right of publicity" as "the right in an individual's persona to use the individual's

persona for commercial purposes, and protects the name and photograph, image, likeness and distinctive appearance of an individuals domiciled in Ohio.

87.  The Ohio Act requires a written agreement before any person or entity can use of an individual's photograph, image, likeness and distinctive appearance for commercial purposes.

88.  The Ohio Act grants persons such as the Plaintiff the right to bring a civil action in order to enforce the provisions of the Ohio Act.

89.  The actions of the Defendants violate the Ohio Act.

90.  Said violations have caused damages to the Plaintiff as set forth above, plus the dilution of the value of Plaintiff's photographs, images and reputation.

91.  The Ohio Act also provides that the Plaintiff is entitled, and Plaintiff is entitled in this case, to injunctive and other relief (including but not limited to the impoundment and destruction of items).

92.  The Act also provides that Plaintiff is entitled, and Plaintiff is entitled in this case, to be awarded actual damages, statutory damages (between $2,500 and $10,000), attorney fees and costs, treble damages and/or punitive/exemplary damages.

**COUNT VII**
**PRELIMINARY PERMANENT INJUNCTION**
**Fed.R.Civ.65**
**(all Defendants)**

93. Plaintiffs incorporate all paragraphs of this pleading as if fully rewritten herein.

94. Both the Lanham Act and the Ohio Act provide for the issuance of both a preliminary and permanent injunction to bar future similar actions by the Defendants.

95. Without the issuance of both a preliminary injunction and a permanent injunction, the Plaintiff will suffer ongoing and immediate irreparable harm without an adequate remedy at law.

96. Pursuant to the Lanham Act, the Ohio Act and Fed.R. Civ. 65, Plaintiff seeks both a preliminary and permanent injunction against all of the Defendants against any future use of the photographs whatsoever.


WHEREFORE, Plaintiff demands the following relief against the Defendants as follows:

1. As to Count I, damages against Defendant Resnick in excess of $75,000.00, plus disgorgement of all revenue and/or profits obtained from Plaintiff's photos or images;

2. As to Count II, damages against Defendant Resnick in excess of $75,000.00, plus recision of the Resnick

23

Document as a contract of any sort, plus disgorgement of all revenue and/or profits obtained from Plaintiff's photos or images;

3.   As to Count III, damages against Defendant Resnick in excess of $75,000.00, plus attorney fees, costs and punitive damages, plus disgorgement of all revenue and/or profits obtained from Plaintiff's photos or images;

4.   As to Count IV, damages against all Defendants in excess of $75,000.00, plus attorney fees and cost; and

5.   As to Count V, damages in excess of $75,000.00 (and attorney fees, costs and punitive damages) against all defendants found to have used the photographs is a way that implies that the Plaintiff participates with, is affiliated with, endorses, sponsors and/or approves of the services or products being offered by those defendants;

6.   As to Count VI, damages in excess of $75,000.00 (and attorney fees, costs and punitive damages) against all defendants found to have used the photographs is a way that implies that the Plaintiff participates with, is affiliated with, endorses, sponsors and/or approves of the services or products being offered by those defendants;

7.   As to Count VII, a preliminary and permanent injunction against any of the named Defendants from any direct or

indirect future use of any of the Plaintiff's photographs;

8.  As to all Counts, attorney fees and costs as permitted by law;

9.  Any and all relief afforded Plaintiff by Ohio or federal law.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

*/Michael J. O'Shea*
Michael J. O'Shea, Esq.(0039330)
michael@lipsonoshea.com
Beachcliff Market Square
19300 Detroit Road - Suite 202
Rocky River, Ohio 44116
(440) 356-2700
(440) 331-5401 - fax
Attorney for Plaintiff

25