IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NICOLE FORNI, | : | Civil Action No. 1:14cv1070 |
| | : | |
| Plaintiff, | : | Judge Donald Nugent |
| | : | |
| v. | : | |
| | : | **ANSWER OF DEFENDANT** |
| JOSHUA RESNICK, et al., | : | **INTERNET BRANDS, INC. (AS** |
| | : | **OPERATOR OF** |
| Defendants. | : | **MODELMAYHEM.COM)** |

Comes now Defendant Internet Brands, Inc. (as operator of modelmayhem.com) ("Internet Brands") by and through its counsel, and hereby answers Plaintiff's First Amended Complaint.

1.  As to paragraph 1 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

2.  As to paragraph 2 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

3.  As to paragraph 3 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

4.  As to paragraph 4 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

5.  As to paragraph 5 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

6.  As to paragraph 6 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

7. As to paragraph 7 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

8. As to paragraph 8 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

9. As to paragraph 9 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

10. As to paragraph 10 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

11. As to paragraph 11 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

12. As to paragraph 12 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

13. As to paragraph 13 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

14. As to paragraph 14 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

15. As to paragraph 15 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

16. As to paragraph 16 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

17. As to paragraph 17 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

18. As to paragraph 18 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

19. As to paragraph 19 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

20. As to paragraph 20 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

21. As to paragraph 21 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

22. As to paragraph 22 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

23. As to paragraph 23 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

24. As to paragraph 24 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

24a. As to paragraph 24a of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

24b. As to paragraph 24b of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

25. As to paragraph 25 of the First Amended Complaint, Internet Brands admits that modelmayhem.com is, in part, an Internet modeling site. Internet Brands denies the remainder of the allegations in paragraph 25.

26. As to paragraph 26 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

27. As to paragraph 27 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

28. As to paragraph 28 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

29. As to paragraph 29 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

30. As to paragraph 30 of the First Amended Complaint, Internet Brands notes that the paragraph contains both legal and factual conclusions, which Internet Brands denies.

31. As to paragraph 31 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

32. As to paragraph 32 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

33. As to paragraph 33 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

34. As to paragraph 34 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

35. As to paragraph 35 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

36. As to paragraph 36 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

37. As to paragraph 37 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

38. As to paragraph 38 of the First Amended Complaint, Internet Brands notes that the paragraph contains both legal and factual conclusions, which Internet Brands denies.

39. As to paragraph 39 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations contained in paragraph 39 as they may relate to modelmayhem.com.

40. As to paragraph 40 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations contained in paragraph 40 as they may relate to modelmayhem.com.

41. As to paragraph 41 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

42. As to paragraph 42 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations contained in paragraph 42 as they may relate to modelmayhem.com.

43. As to paragraph 43 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

43a. As to paragraph 43a of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

44. As to paragraph 44 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

45. As to paragraph 45 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

46. As to paragraph 46 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

47. As to paragraph 47 of the First Amended Complaint, Internet Brands notes that the paragraph contains both legal and factual conclusions, which Internet Brands denies.

48. As to paragraph 48 of the First Amended Complaint, Internet Brands notes that the paragraph contains both legal and factual conclusions, which Internet Brands denies.

49. As to paragraph 49 of the First Amended Complaint, Internet Brands notes that the paragraph contains both legal and factual conclusions, which Internet Brands denies.

50. As to paragraph 50 of the First Amended Complaint, Internet Brands notes that the paragraph contains both legal and factual conclusions, which Internet Brands denies.

## COUNT I
## BREACH OF CONTRACT
## (DEFENDANT RESNICK)

51. As to paragraph 51 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-50.

52. As to paragraph 52 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

53. As to paragraph 53 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

54. As to paragraph 54 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

## COUNT II
## FRAUDULENT INDUCEMENT
## (DEFENDANT RESNICK)

55. As to paragraph 55 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-54.

56. As to paragraph 56 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

57. As to paragraph 57 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

58. As to paragraph 58 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

59. As to paragraph 59 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

60. As to paragraph 60 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

61. As to paragraph 61 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

## COUNT III
## FRAUD
## (DEFENDANT RESNICK)

62. As to paragraph 62 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-61.

63. As to paragraph 63 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

64. As to paragraph 64 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

65. As to paragraph 65 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

66. As to paragraph 66 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

67. As to paragraph 67 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

## COUNT IV
## THIRD PARTY BENEFICIARY –BREACH OF TOS AGREEMENT
## (ALL DEFENDANTS)

68. As to paragraph 68 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-67.

69. As to paragraph 69 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

70. As to paragraph 70 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations contained in paragraph 70 as they may relate to modelmayhem.com.

71. As to paragraph 71 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations in paragraph 71 as they may relate to modelmayhem.com.

72. As to paragraph 72 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

73. As to paragraph 73 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

74. The First Amended Complaint does not contain a paragraph 74.

**COUNT V**
**VIOLATION OF THE LANHAM ACT (15 USC 1051 ET SEQ)**
**(ALL DEFENDANTS)**

75. As to paragraph 75 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-74.

76. As to paragraph 76 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

77. As to paragraph 77 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations contained in paragraph 77 as they may relate to modelmayhem.com.

78. As to paragraph 78 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny, and therefore denies the allegations.

79. As to paragraph 79 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

80. As to paragraph 80 of the First Amended Complaint, Internet Brands lacks sufficient information to admit or deny the allegations as they relate to other defendants, and therefore denies the allegations. Internet Brands specifically denies the allegations contained in paragraph 80 as they may relate to modelmayhem.com.

81. As to paragraph 81 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

82. As to paragraph 82 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

83. As to paragraph 83 of the First Amended Complaint, the allegations are legal conclusions, which Internet Brands denies.

## COUNT VI
## OHIO RIGHT OF PUBLICITY IN INDIVIDUAL PERSONA
## RC 2741.01 ET SEQ.

84. As to paragraph 84 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-83.

85. As to paragraph 85 of the First Amended Complaint, Internet Brands notes that this is a statement of law that requires no response.

86. As to paragraph 86 of the First Amended Complaint, Internet Brands notes that this is a statement of law that requires no response.

87. As to paragraph 87 of the First Amended Complaint, Internet Brands notes that this is a statement of law that requires no response.

88. As to paragraph 88 of the First Amended Complaint, Internet Brands notes that this is a statement of law that requires no response.

89. As to paragraph 89 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

90. As to paragraph 90 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

91. As to paragraph 91 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

92. As to paragraph 92 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

## COUNT VII
## PRELIMINARY PERMANENT INJUNCTION
## FED. R. CIV. 65
## (ALL DEFENDANTS)

93. As to paragraph 93 of the First Amended Complaint, Internet Brands incorporates all prior responses to allegations 1-92.

94. As to paragraph 94 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

95. As to paragraph 95 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

96. As to paragraph 96 of the First Amended Complaint, Internet Brands notes that the allegations are legal and factual conclusions, which Internet Brands denies.

97. Internet Brands denies each and every allegation not specifically admitted herein.

98. Internet Brands denies that Plaintiff is entitled to the relief she requests.

## FIRST AFFIRMATIVE DEFENSE

99. Each and every claim in Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted against Internet Brands.

## SECOND AFFIRMATIVE DEFENSE

100. Modelmayhem.com is not a legal entity and cannot be sued.

**THIRD AFFIRMATIVE DEFENSE**

101. The statute of frauds bars Plaintiff's claims against Internet Brands.

**FOURTH AFFIRMATIVE DEFENSE**

102. Plaintiff cannot show the elements necessary for damages, treble damages, or punitive damages.

**FIFTH AFFIRMATIVE DEFENSE**

103. Even if Plaintiff's allegations are true, which is denied, any actions of Internet Brands were taken only to promote its own economic self-interest, are justified and privileged, and are not actionable.

**SIXTH AFFIRMATIVE DEFENSE**

104. Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

105. Internet Brands does not have, nor ever has had, knowledge that any other party's conduct constitutes a breach of duty, nor has Internet Brands given any assistance or encouragement any other party so to conduct itself.

**EIGHTH AFFIRMATIVE DEFENSE**

106. Plaintiff's alleged damages, which Internet Brands specifically denies, are the result of intervening and/or superseding causes over which Internet Brands had no control, or the acts of other parties.

**NINTH AFFIRMATIVE DEFENSE**

107. Some or all of Plaintiff's claims against Internet Brands are barred by the federal Digital Millennium Copyright Act.

**TENTH AFFIRMATIVE DEFENSE**

108. Some of all of Plaintiff's claims against Internet Brands are barred by the federal Communications Decency Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

109. Internet Brands reserves the right to assert additional defenses that are revealed as discovery proceeds in this case.

WHEREFORE, having answered Plaintiff's First Amended Complaint, Internet Brands asks that the First Amended Complaint be dismissed, that Internet Brands be awarded its fees and expenses, and that the Court grant such other relief as may be just or appropriate.

Respectfully submitted,

/s/ Justin D. Flamm
Justin D. Flamm (0071575)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel: 513.381.2838
Fax: 513.381.0205
flamm@taftlaw.com

Trial Attorney for Defendant Internet Brands, Inc.

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing was served via the Court's ECF system on all parties of record, and via regular U.S. mail, postage prepaid, this 9th day of July, 2014 upon the following:

Nicole Forni
c/o Michael J. O'Shea
O'Shea & Associates
19300 Detroit Road, Suite 202
Rocky River, OH 44116

Joshua Resnick
1070 Fair Avenue
Columbus, OH 43205

Shutterstock, Inc.
350 5th Avenue, 21st Floor
New York, NY 10118

Playboy Enterprises, Inc.
2300 W. Empire Avenue, 7th Floor
Burbank, CA 91504

Playboy Plus Entertainment, Inc.
2300 W. Empire Avenue, 7th Floor
Burbank, CA 91504

Blush Gentlemen's Club
c/o Michael J. Spetrino
2 Summit Park Drive, Suite 540
Independence, OH 44131

Barnes & Noble, Inc.
P.O. Box 111
Lyndhurst, NJ 07071

Wallsheaven, Inc.
1133 Broadway, Suite 706
New York, NY 10010

Amazon.com, Inc.
c/o Nathaniel B. Webb
Hahn, Loeser & Parks – Akron
1 GoJo Plaza, Suite 300
Akron, OH 44311

Vegas Cabaret
5428 N. University Drive
Lauderhill, FL 33351

The Love Store
4440 E. Cheyenne Avenue
Las Vegas, NV 89115

Edward J. Wheeler
dba The Love Store
4440 E. Cheyenne Avenue
Las Vegas, NV 89115

Results Radio LLC
1355 N. Dutton Avenue, Suite 225
Santa Rosa, CA 95401

Clear Channel Communications, Inc.
dba WDTW 106.7 FM Radio Detroit
200 E. Basse Road
San Antonio, TX 78209

KHRD-FM 103.1 / 93.3 FM Radio
1588 Charles Drive
Redding, CA 96003

Fabulous Vegas Escorts.com
3135 S. Industrial Road
Las Vegas, NV 89109

| | |
|---|---|
| Blush Strip Club<br>135 Ninth Street<br>Pittsburgh, PA 15222 | Uproxx Media, Inc.<br>1602 Alton Road, #447<br>Miami Beach, FL 33139 |
| Clover Holdings Limited<br>dba Sex.com<br>Egmont Street, Bonadies Plaza<br>Suite 3<br>Kingstown, St. Vincent | MUZU TV<br>19 S. William Street<br>Dublin 2, Ireland |

                                                /s/ Justin D. Flamm
                                                Justin D. Flamm