## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NICOLE FORNI, | ) | CASE NO: 1:14 CV 01070 |
| Plaintiff | ) | JUDGE DONALD NUGENT |
| | ) | |
| VS. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT SHUTTERSTOCK'S MOTION TO DISMISS** |
| | ) | |
| JOSHUA RESNICK, et al. | ) | |
| | | |
| Defendants. | ) | |

Now comes the Plaintiff, and hererby respectfully submits this brief in opposition to the Defendant Shutterstock, Inc.'s stock's Motion to Dismiss.

The MTD, filed by Defendant Shutterstock, Inc. ("Defendant Shutterstock"), has challenged Plaintiff's Amended Complaint on Rule 12(b)(3) and (6) grounds, specifically asserting a failure to state a claim on each of Plaintiff's claims and improper venue.  For all of the following reasons, the MTD should be summarily overruled by this Court.

## 1. <u>GENERAL FACTUAL ALLEGATIONS SUPPORTING PLAINTIFF'S CLAIMS</u>

Plaintiff's Amended Complaint is set up by reciting her jurisdictional allegations first, her factual assertions which are common to all claims, second, and each separate legal claim interspersed with defendant specific facts, third.   Pursuant to this setup, the factual allegations from all three sections, when read together, provide the factual support for all of Plaintiff's claims.    As to Defendant Shutterstock, the following are all of the general factual allegations pertinent to them, many of which Defendant Shutterstock failed to mention or discuss in the MTD[1]. In addition to these general factual allegations, Plaintiff has made factual allegations specific to and contained within each separate count of the complaint.

1.  Plaintiff is a professional model and a citizen of the State of Ohio.

3.  Defendant Shutterstock is a photography sales internet company located in New York, New York.

4.  This case involves the fraudulent inducement and subsequent fraudulent and illegal use of the Plaintiff's photographic images for profit, without the consent or compensation to the Plaintiff, and all of which has caused and will continue to cause

---

[1] See Plaintiff's Amended Complaint at the paragraphs indicated.

vocational and/or professional damage to the current and future modeling prospects of the Plaintiff.

5.  Plaintiff is a professional model who has been paid and continues to be paid for professional modeling work.

6.  Many of the photos improperly sold by Defendant Resnick were and continue to be sold through a website operated by Defendant Shutterstock.

7. Defendant Shutterstock has a written contract it uses in facilitating its sale of photos called a  Terms of Service agreement ("TOS Agreement").   A copy of the TOS Agreement is attached hereto and made a part hereof as Exhibit B.

8.  The TOS Agreement has an express prohibition against the use of photographs sold off the site which are for pornography, adult videos, adult entertainment, escort activities, and/or dating activities.

9.  The TOS Agreement prohibits the use of any of the photos in any way which implies that the model engages in immoral or illegal activity or in a manner which a reasonable person might find offensive.

10.  Because of the use of the Plaintiff's photographs on Defendant Shutterstock's web site, the Plaintiff is a third party beneficiary of the TOS Agreement.

2.   **LAW AND ARGUMENT**

   a. **Legal Standard of Review**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff and accept all factual allegations as true. Paige v. Coyner, 614 F.3d 273, 277 (6th Cir. 2010). The Court also construes the Complaint in the light most favorable to the plaintiff. Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Fed. R. Civ. P. 8(a) provides for notice pleading and requires only "a short and plan statement of the claim".

To survive a motion to dismiss, the "complaint need contain 'only enough facts to state a claim to relief that is plausible on its face.'" Paige v. Coyner, *supra*, citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court clarified the law concerning what a plaintiff must plead in order to survive a Rule 12(b)(6) motion in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Under the standard established by Bell Atlantic Corp. v. Twombly, *supra*, the Supreme Court instructed lower courts to dismiss claims not supported by factual allegations that are sufficient to "state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added). "A claim

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation", the Civil Rules are still based on notice pleading and to do not require detailed factual allegations. <u>Ashcroft v. Iqbal</u>, *supra* at 1949.

The Court explicitly rejected that this new standard required any "heightened fact pleading of specifics." <u>Bell Atlantic</u>, *supra* at 570. "In reaching this conclusion, we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished '"by the process of amending the Federal Rules, and not by judicial interpretation."'" *Id*. In <u>Twombly</u> the Court emphasized that it was not seeking to impose "heightened" standards of pleading, but rather was addressing complaints which were *on their face implausible*. *Id.* at 569 n.14. The Court emphasized that a complaint need only nudge a claim "across the line from conceivable to plausible" to avoid a dismissal. *Id.* at 570. "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that

suggest a 'right to relief above a speculative level.'" <u>Tackett v. M & G Polymers, USA, LLC</u>, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part <u>Bell Atlantic</u>, *supra* at 555). The Complaint in this case does all that.

    **b.** **Plaintiff has alleged sufficient facts to sustain the proper pleading of a Lanham Act violation by Defendant Shutterstock.**

Plaintiff has alleged that Defendant Shutterstock has violated of the Lanham Act codified at 15 U.S.C. § 1051, et seq. The civil enforcement provision of the Lanham Act is 15 USCS § 1125, which states in relevant part:

> (a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person;

The Lanham Act was intended to make "actionable the . . . deceptive and misleading use of marks," and "to protect persons engaged in . . . commerce against unfair competition." 15 U.S.C. § 1127. Section 43(a). <u>CMH Mfg. v. US GreenFiber, LLC</u>, 2013 U.S.

Dist. LEXIS 91914, 5-6 (E.D. Tenn. July 1, 2013). 15 USCS § 1125 (a) provides the statutory basis for false endorsement claims. See Albert v. Apex Fitness Inc., 1997 U.S. Dist. LEXIS 8535, No. 97 Civ. 1151, 1997 WL 323899, at *1, (S.D.N.Y. June 13, 1997). In order to state such a claim, Plaintiff must establish that: (1) goods or services were involved, (2) there was an effect on interstate commerce, and (3) there was either a false designation of origin or a false description of the goods or services. See Allen v. National Video, Inc., 610 F. Supp. 612, 625 (S.D.N.Y. 1985).

The crucial determinant under the Lanham Act is a showing of likelihood of consumer confusion as to the source or sponsorship of the product. See Pirone v. MacMillan, Inc., 894 F.2d 579, 584 (2d Cir. 1990). Thus, Plaintiff must prove that her photograph on products misleads consumers into believing that she endorsed or produced the products. Albert v. Apex Fitness, 1997 U.S. Dist. LEXIS 8535 (S.D.N.Y. June 12, 1997). The issue of consumer confusion is usually a question of fact. See Pelton v. Rexall Sundown, Inc., 2001 U.S. Dist. LEXIS 3825 (S.D.N.Y. Apr. 2, 2001).

Defendant has argued in its motion to dismiss that Plaintiff's Lanham Act claim fails because (1) There is no allegation of a false or misleading statement by Shutterstock;

7

(2)Plaintiff has not alleged a "secondary meaning" of her photographs;(3) Plaintiff has failed to allege facts supporting that the use of the photographs are likely to create confusion; and(4) Plaintiff has failed to allege that she is a celebrity.

Taking each one of these arguments separately, Plaintiff first argues that she has in fact alleged a false or misleading statement by Shutterstock. In paragraph 76 of Plaintiff's complaint it is alleged;

> 76. The Defendants have made in commerce a false or misleading representation of fact in connection with goods or services that is likely to cause consumer confusion as to the origin, sponsorship or approval of goods and services.

This allegation in the complaint is alone sufficient to counter Defendant Shutterstock's argument that a false or misleading statement has not been alleged. Defendant Shutterstock disregards the pleading of this factual allegation entirely, and instead requests that the Court make a ***factual determinatio***n that Plaintiff's signing of document prepared by Defendant Resnick ***after*** the completion of the photo shoot[2]

---

[2] The Amended Complaint makes it unambiguously clear that written document that was signed by Plaintiff for Defendant Resnick (referred to in the Amended Complaint as the "Resnick Document") is ***NOT*** a contract at all because it was executed ***AFTER*** the oral agreement (as alleged in the Amended Complaint) was negotiated and completely performed. Even in the unlikely event that the "Resnick Document" is somehow confused as a written agreement between Plaintiff and Defendant Resnick, Plaintiff has alleged

somehow proves that allegation 76 above does not exist or is contradictory.

Plaintiff further argues that she has alleged a "secondary meaning" of her appearance in the various pornographic and other unauthorized uses of her photographs. In paragraphs 33 and 79 Plaintiff's complaint it is alleged;

> 33. Plaintiff is a professional model who has been paid and continues to be paid for professional modeling work;
>
> 79. The Defendants' use of Plaintiff's picture, image and/or likeness falsely implies that the Plaintiff is a participant with, affiliate of and/or endorses the goods and services being offered by the Defendants, and is likely to cause consumer confusion and/or assumptions and therefore constitutes false advertising and unfair competition.

Plaintiff as a paid professional model, is her own business, and that business consists of her using her photographs and likeness to promote certain products. These allegations, taken as true, establish that Plaintiff's persona symbolizes her business as a promotional model. Defendant Shutterstock's motion suggests to the Court that it should again make an improper factual determination, without the benefit of

---

(i) the document was procured by "fraud in the inducement" and (ii) the Resnick Document is only part of a larger verbal and written agreement between Plaintiff and Defendant Resnick (i.e because of the lack of an intergration clause in the text of the Resnick Document).

any evidence, that Plaintiff's persona and likeness does not and cannot function as a trademark.

In response to Defendant Shutterstock's third Lanham Act argument, Plaintiff again points this Court to paragraph 79, *supra*, of Plaintiff's complaint. Defendant Shutterstock, for the third time in the MTD, wants this Court to make ***factual determinations*** that Defendants' use of her photographs are not likely to create confusion regarding her sponsorship of certain pornographic and other products. And secondly, that Plaintiff's allegation in paragraph 78, which simply states, "Plaintiff has not and would never authorize the Defendants to so use Plaintiff's picture, image or likeness," amounts to a factual disavowal made by the plaintiff in <u>Stayart v. Yahoo! Inc.</u>, 651 F. Supp. 2d 873, 883 (E.D. Wis. 2009).

In <u>Stayart</u>, the plaintiff there alleged, "in no way has [she] ever engaged in a promiscuous lifestyle, or other overt sexual activities, which she and a large portion of her community and social circle consider perverse and abhorrent." Based in part on that assertion, the Court found that the plaintiff pled herself out of a Lanham Act claim and dismissed her case. Not only does Plaintiff here disagree with the analysis of <u>Stayart</u> on the basis that the Court made a factual determination on a motion to dismiss in concluding that the

10

"disavowal contravenes the likelihood of confusion", but Plaintiff also asserts that <u>Stayart</u> is not applicable here as the alleged disavowals in each case are completely dissimilar and do not even have the same meaning or effect.  Therefore <u>Stayart</u> aside, Plaintiff points the Court to her paragraph 79 allegation, which sufficiently alleges that Defendants' use of her photographs falsely implies Plaintiff's endorsement of the products and services, which is likely to cause consumer confusion.

Defendant Shutterstock's fourth Lanham Act argument centers around the incorrect legal assertion that any Lanham Act plaintiff must allege that they are a "celebrity" in order to survive a motion to dismiss.  This is not the law.  There are many cases which have held that popularity or celebrity status ***is not*** a necessary prerequisite for a successful false endorsement claim under the Lanham Act. See <u>Stayart v. Yahoo! Inc.,</u> 651 F. Supp. 2d 873 (E.D. Wis. 2009); <u>Hauf v. Life Extension Found</u>., 547 F. Supp. 2d 771, 777 (W.D. Mich. 2008); <u>Ji v. Bose Corp</u>., 538 F. Supp. 2d 349, 351 (D. Mass. 2008); <u>Doe v. Friendfinder Network, Inc.</u>, 540 F. Supp. 2d 288, 306 (D.N.H. 2008).

Therefore as Plaintiff has sufficiently plead all of the elements of a Lanham Act violation, coupled with factual

11

allegations to support those elements, Defendant Shutterstock's motion to dismiss this claim should be denied.

      c.   **Plaintiff has alleged sufficient facts to sustain the proper pleading of a violation of RC §2741.01 et. seq. by Defendant Shutterstock.**

In the MTD, Defendant Shutterstock improperly asserts that Plaintiff's claims under RC §2741.01 should be dismissed as a result of consent language in the Resnick Document, and that Plaintiff's photos are considered an "original work of fine art," which they assert is excluded from "Right of Publicity" claims under RC §2741.09.  In making those arguments, Defendant is again improperly requesting this Court completely disregard Plaintiff's assertions in the Amended Complaint that:

      (1)  the Resnick Document is not a contract;

      (2)  that even if the Resnick Document was a contract, it was procured by fraud; and

      (3)  even if there were no fraud, the Resnick Document is only part or a larger oral/written agreement between the parties to that agreement.

Defendant also suggests this Court adopt a definition of "fine art" which is not the ordinary use of the term and contradicts

the inclusion of "photographs" in the R.C. §2741.01 definition of "persona."

R.C. §2741.02 provides a cause of action for a violation of the "Right to Publicity," which states in relevant part:

> (A) Except as otherwise provided in this section, a person shall not use any aspect of an individual's persona for a commercial purpose during:
>
> (1) During the individual's lifetime...;
>
> (B) A person may use an individual's persona for a commercial purpose during the individual's lifetime if the person first obtains the written consent to use the individual's persona from a person specified in section 2741.05 of the Revised Code...

In R.C. §2741.01, "persona" is defined as follows:

> (A) "Persona" means an individual's name, voice, signature, **_photograph_**, image, likeness, or distinctive appearance, if any of these aspects have commercial value.

On a 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the Plaintiff and accept all factual allegations as true. Paige v. Coyner, 614 F.3d 273, 277 (6th Cir. 2010).  As set forth above, Plaintiff has alleged in Counts One through Three, that any contract Defendant Shutterstock relies on was the product of fraud, fraudulent inducement, and/or was immediately breached and is thus void or voidable.  Fraud in the factum or execution, "that is, the sort of fraud that procures a party's signature to an

instrument without knowledge of its true nature or contents," renders a contract void, while fraud in the inducement renders a contract merely voidable. W.T. Langley v. FDIC, 484 U.S. 86, 93-94, 98 L. Ed. 2d 340, 108 S. Ct. 396 (1987) (citations omitted).

In order for this Court to credit Defendant Shutterstock with the benefit of the Resnick Document, it must make a summary judgment ruling that the Resnick Document is an enforceable contract, and that such contract is not void or voidable on account of the alleged fraud, fraudulent inducement, and or breach by Defendant Resnick. This is a task which is not appropriate in a motion to dismiss proceeding as all allegations of Plaintiff's complaint are presumed true. Therefore, Defendant Shutterstock cannot use the language of the Resnick Document to establish that Plaintiff gave a blanket release to use her photos.

Further, the phrase "original works of fine art" in R.C. §2741.09 has not been defined in anywhere in the statutory scheme, nor has it been defined in any case law that Plaintiff could find. Defendant also failed to offer any case law definition of this phrase in its motion, and instead resorted to using an art dictionary definition.

"Fine Art" is defined as, "art (as painting, sculpture, or music) concerned primarily with the creation of beautiful

14

objects — usually used in plural." Merriam-Webster.com. Merriam-Webster, n.d. Web. 13 Aug. 2014. http://www.merriam-webster.com/dictionary/fine art.   In another definition "Fine Art" is defined as, "art produced or intended primarily for beauty rather than utility." The American Heritage Dictionary of the English Language, Fourth Edition. (2003). In yet another definition, "Fine Art" is defined as "art produced chiefly for its aesthetic value, as opposed to applied art." Collins English Dictionary – Complete and Unabridged. (2003).

In this case, Plaintiff's modeling photographs were created for commercial purposes or utility in exchange for money.  The photos were not primarily for their beauty or aesthetic value. Further, R.C. §2741.01 defines "persona" as including ones "photograph, image, likeness…"  If all photographs are "fine art," as Defendant Shutterstock would have this Court believe, then there would be no purpose to include "photograph, image, likeness..." in the definition of "persona."

Therefore as the dictionary definitions of "Fine Art" do not fit the type of photographs at issue in this case, and fact that R.C. §2741.01 defines "persona" as including "photographs," there is no legal basis to dismiss Plaintiff's claim on these grounds.

**d.**   **A Motion to Dismiss is not the proper procedural vehicle to enforce a forum selection clause.**

In the MTD, Defenadnt Shutterstock improperly asserts that Plaintiff's claims should be dismissed on the grounds that this case has been brought by Plaintiff in an improper venue.  In support, Defendant Shutterstock argues that the forum selection clause in the Shutterstock Terms of Service agreement specifies that this case must be brought in the State of New York. Defendant Shutterstock's request is improper and should be denied as a Rule 12(b)(3) motion to dismiss cannot be used to enforce a forum selection clause.  The proper vehicle for this type of request is a motion to transfer under 28 USCS § 1404, which Defendant Shutterstock has not sought here.

The Court in Harland Clarke Holdings Corp. v. Milken, 2014 U.S. Dist. LEXIS 13947 (W.D. Tex. Feb. 4, 2014) recently stated:

> In Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013), the Supreme Court held that *a party may not enforce a forum-selection clause by seeking dismissal of the suit under § 1406(a) and Rule 12(b)(3)* because those apply only when venue is "wrong" or "improper," as determined by federal venue laws. Rather, *a forum-selection clause may be enforced through a motion to transfer under § 1404(a)*, which "permits transfer to any district where venue is also proper (i.e., 'where [the case] might have been brought') or to any other district to which the parties have agreed by contract or stipulation." Id. at 579. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause"

Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause. <u>Atlantic Marine Construction Co</u>, supra.

As the U.S. Supreme Court has determined that a Rule 12(b)(3) motion to dismiss cannot be used to enforce a forum selection clause, Defendant Shutterstock's request for dismissal on venue grounds should be denied.

### 3.      <u>CONCLUSION</u>

For the foregoing reasons set forth above, Plaintiff requests this Court to deny the MTD.


Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

***/Michael J. O'Shea***
Michael J. O'Shea, Esq.(0039330)
michael@lipsonoshea.com
Beachcliff Market Square
19300 Detroit Road - Suite 202
Rocky River, Ohio 44116
(440) 356-2700
(440) 331-5401 - fax
**Attorney for Plaintiff**

17

## PROOF OF SERVICE

        I hereby certify that a true copy of the foregoing has been filed electronically this 28th Day of August, 2014.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic system.


                                        S/Michael J. O'Shea
                                        Michael J. O'Shea