## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **NICOLE FORNI** | **Case No.  1:14-CV-01070-DCN** |
| **Plaintiff,** | |
| | **Judge Donald C. Nugent** |
| **vs.** | |
| **JOSHUA RESNICK,** *et al.* | **DEFENDANT UPROXX MEDIA, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(3), & 12(b)(6)** |
| **Defendants.** | |

Defendant Uproxx Media, Inc. ("Uproxx"), by and through its counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6), respectfully files this Motion to Dismiss Plaintiff's First Amended Complaint (ECF #5).

The grounds for this motion are set forth more fully in the attached memorandum incorporated by reference herein.

Dated: September 9, 2014

/s/ Laith D. Mosely
Miles J. Feldman (California Bar No. 173383)
Laith D. Mosely (California Bar No. 250832)
Raines Feldman LLP
9720 Wilshire Boulevard, 5th Floor
Beverly Hills, California 90212
Telephone: (310) 440-4100
Facsimile: (310) 691-1367
Email:  mfeldman@raineslaw.com
         lmosely@raineslaw.com
Admitted *pro hac vice*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 9, 2014, a true copy of the foregoing MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(3), & (12)(b)(6) was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Laith D. Mosely_____
 Laith D. Mosely (California Bar No. 250832)
 Admitted *Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **NICOLE FORNI** | **Case No.  1:14-CV-01070-DCN** |
| **Plaintiff,** | **Judge Donald C. Nugent** |
| **vs.** | |
| **JOSHUA RESNICK,** *et al.* | |
| **Defendants.** | |

**MEMEORADUM OF LAW IN SUPPORT OF**
**DEFENDANT UPROXX MEDIA, INC.'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO**
**FED. R. CIV. P. 12(b)(2), 12(b)(3), & 12(b)(6)**

# TABLE OF CONTENTS

I.     SUMMARY OF ALLEGATIONS OF THE COMPLAINT .............................................. 3

II.    LEGAL ARGUMENTS ........................................................................................... 5

    A.    The Court Lacks Personal Jurisdiction Over Uproxx ............................................ 5

    B.    Federal Rule of Civil Procedure 12(b)(3): Standard of Review ............................ 6

        a.    By Express Provision, All Claims Arising out of or Relating to the Shutterstock TOS Must be Litigated in New York Courts. ........................ 7

    C.    Fed. R. Civ. P. 12(b)(6): Standard of Review ....................................................... 8

        a.    Plaintiff Fails to State a Valid Breach of Contract Claim........................... 9

        b.    Plaintiff's Lanham Act Claim is Legally Defective ................................. 10

        c.    Plaintiff's "Right of Publicity" Claim is Legally Defective .................... 13

        d.    A Demand for Injunctive Relief is Not a Valid Cause of Action ............. 14

III.    CONCLUSION..................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................................ 9

*Associated General Contractors, Inc. v. California State Council of Carpenters,*
    459 U.S. 519 (1983)........................................................................................ 8

*Beckley v. Auto Profit Masters, LLC,*
    266 F. Supp. 2d 1001 (S.D. Iowa 2003) ....................................................... 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................... 8, 9

*Bellman v. Am. Int'l Group,*
    113 Ohio St. 3d 323 (2007) ......................................................................... 13

*Bird v. Parsons,*
    289 F.3d 865 (6th Cir. 2002) ...................................................................... 5, 6

*Calphalon Corp. v. Rowlette,*
    228 F.3d 718 (6th Cir.2000) ......................................................................... 6

*CMH Mfg. v. US GreenFiber, LLC,*
    2013 U.S. Dist. LEXIS 91914, at *6 (E.D. Tenn. July 1, 2013)...................... 10

*Cohen v. Newsweek, Inc.,*
    312 F.2d 76 (8th Cir. 1963) .......................................................................... 7

*Conley v. Gibons,*
    355 U.S. 41 (1957)........................................................................................ 8

*Cybersell, Inc. v. Cybersell, Inc.,*
    130 F.3d 414 (9th Cir.1997) ......................................................................... 5

*EnQuip Technologies Group v. Tycon Technoglass,*
    986 N.E.2d 469 (Ohio Ct. App. 2012)........................................................... 6

*ETW Corp. v. Jireh Publ'g Inc.,*
    332 F.3d 915 (6th Cir. 2003) ............................................................. 10, 11, 12

*Hammond v. Citibank, N.A.,*
    2011 U.S. Dist. LEXIS 109818, 34 (S.D. Ohio Sept. 27, 2011) ...................... 14

ii

*Hart v. World Wrestling Entm't, Inc.*,
   2012 U.S. Dist. LEXIS 43184, at *29 (D. Conn. Mar. 28, 2012) ..................................... 11

*International Technologies Consultants, Inc. v. Euroglas S.A.*,
   107 F.3d 386 (6th Cir. 1997) ........................................................ 5

*LaSalle Nat'l Bank v. Ernst & Young LLP*,
   285 A.D.2d 101 (N.Y. App. Div. 1st Dept. 2001) ............................................ 9

*McCormick v. Favreau*,
   919 N.Y.S. 2d 572 (2011) ........................................................... 9

*Micropower Group v. Ametek, Inc.*,
   953 F.Supp.2d 801 (S.D. Ohio 2013) ............................................... 7

*Moses v. Business Card Exp., Inc.*,
   929 F.2d 1131 (6th Cir. 1991) ..................................................... 7

*Papasan v. Allain*,
   478 U.S. 265 (1986) ............................................................... 8

*PR Diamonds, Inc. v. Chandler*,
   364 F.3d 672 (6th Cir. 2004) ...................................................... 8

*Ram Int'l, Inc. v. ADT Sec. Servs.*,
   555 Fed. Appx. 493 (6th Cir. 2014) ............................................... 8

*S.K.I. Beer Corp. v. Baltika Brewery*,
   612 F.3d 705 (2nd Cir. 2010) ...................................................... 6

*Southern Machine Company v. Mohasco Industries, Inc.*,
   401 F.2d 374 (6th Cir.1968) ....................................................... 5

*Stayart v. Yahoo! Inc.*,
   651 F. Supp. 2d 873 (E.D. Wis. 2009) ........................................... 12

*Thompson v. JPMorgan Chase Bank, N.A.*,
   2014 U.S. App. LEXIS 7724, at *3, fn. 1 (6th Cir. 2014) ................................. 14

*Uhlig LLC v. Shirely*,
   2011 U.S. Dist. LEXIS 31833, at *19 (D.S.C. March 25, 2011) ..................................... 12

*V&M Star Steel v. Centimark Corp.*,
   678 F.3d 459 (6th Cir. 2012) ...................................................... 9

iii

*Weiner v. Klais & Co.*,
    108 F. 3d 86 (6th Cir. 1997) ............................................................................. 8

*Wong v. PartyGaming Ltd.*,
    589 F.3d 821 (6th Cir. 2009) ........................................................................... 6

**Statutes**

Federal Rule of Civil Procedure 12 ........................................................................... 6, 8

**Other Authorities**

*Illustrated Dictionary of Photography: the Professional's Guide to Terms and Techniques*,
    ISBN 978-1-58428-222-8, p. 41 (Buffalo, NY: Amherst Media, 2008) ......................... 14

McCarthy on Trademarks and Unfair Competition § 28:15 (4th ed.) ......................................... 12

Plaintiff Nicole Forni's First Amended Complaint (ECF #5 or "Complaint") references Uproxx Media, Inc. ("Uproxx") just twice:  once to inadequately identify Uproxx as a party (alleging neither its state of incorporation nor its principal place of business); and a second time to mischaracterize the website's content by grouping it with 25 defendants and additional Doe defendants, as the "Adult Photo Companies" — an inaccurate and misleading description. Uproxx is a website that tracks trending topics on the internet relating to pop culture through film, TV, music and sports.  Uproxx's only connection to the allegations of the Complaint is derivative of the claims by Plaintiff against Shutterstock, Inc. ("Shutterstock").

The Complaint alleges that Uproxx is "an internet social media company/magazine company located in Miami, Florida." (*Id.* ¶24.) Plaintiff alleges that Uproxx acquired the photographs at issue from Shutterstock. (*Id.* ¶70.) Shutterstock, is identified in the Complaint as "a photography sales internet company located in New York, New York." (*Id.* ¶3.) There is no allegation that Uproxx's purported acquisition of photographs from Shutterstock occurred in Ohio.  Uproxx is not incorporated in Ohio.  Forni does not (and cannot truthfully) allege that Uproxx transacts business in Ohio.  Forni does not (and cannot truthfully) allege that Uproxx maintains employees in Ohio.  In fact, there is no allegation that Uproxx has taken any action whatsoever in Ohio.  Accordingly, Uproxx is not subject to this Court's general or specific jurisdiction.

Even if this Court had personal jurisdiction over Uproxx, and it does not, venue in this Court would be improper as a result of the mandatory forum selection provision in the Shutterstock Terms of Service ("Shutterstock TOS"), which form the basis for Plaintiff's purported "Third Party Beneficiary – Beach [*sic*] of TOS Agreement" cause of action (Count IV).  Under that express forum selection provision, disputes such as this one, relating to the Shutterstock TOS, may be resolved only in certain courts in New York, not here.

1

In addition to these insurmountable jurisdiction and venue problems, Plaintiff has also failed to state claims upon which relief may be granted for additional reasons on each of the four causes of action to which Uproxx is a defendant.[1]

First, Forni fails to state a valid breach of contract claim on a third-party beneficiary theory.  (Count IV.)  Plaintiff does not claim to be, and is not, a contractual party to the Shutterstock TOS.  She does not, and cannot, allege that she is an *intended* third-party beneficiary of those terms, either.  And even if Plaintiff was an intended third-party beneficiary (which she is not), she has not adequately pleaded that Uproxx breached the Shutterstock TOS. The Complaint lumps Uproxx together with dozens of entirely dissimilar companies such as "US Porn Companies" and the "Non-Us [*sic*] Porn Companies" referred to collectively in the Complaint as the "Adult Photo Companies."  (*Id.* ¶39.)  This aggregation of defendants improperly obscures that non-pornographic websites were allegedly using the photographs for uses unarguably consistent with the Shutterstock TOS, such as for "wall paper/murals."  (*Id.* ¶42.)  Plaintiff has not provided adequate notice of the allegations against Uproxx by including it in the ill-suited and wide-ranging so-called Adult Photo Companies, and therefore has not properly alleged a breach of contract by Uproxx.

Plaintiff's allegations against Uproxx under the Lanham Act (Count V) for false association or endorsement are meritless because Forni admits that she gave her written consent that the photographs may be used "without restriction" and for "any purpose."  According to the Complaint, Uproxx allegedly acquired the photographs from Shutterstock, and Plaintiff does not and cannot allege that Uproxx knew or reasonably should have known of Forni's alleged secondary meaning in her persona that is supposedly depicted in the photographs.  By the Complaint's own terms, the photographs' authorized scope of use by Uproxx would be governed by the Shutterstock TOS, under which Plaintiff seeks damages as a third-party beneficiary.

---

[1] Count VI for Ohio's Right of Publicity in Individual Persona is addressed here, although it is facially unclear against which defendants this count was brought.  Count VII for Preliminary Injunction is also addressed although this is a remedy, not a cause of action.

Additionally, Plaintiff is not a celebrity entitled to a claim for false endorsement under the Lanham Act.  Accordingly, Plaintiff has not and cannot properly plead a claim under the Lanham Act.

In addition to this above noted deficiencies, Plaintiff's cause of action for "Right of Publicity" (Count VI) fails as a matter of law because Plaintiff signed a written release authorizing unrestricted use of the photographs at issue.  Further, the statute expressly excludes from its coverage "original works of fine art," which encompasses photography.

Fourth, Plaintiff's claim for injunctive relief does not state a valid cause of action.  Injunctive relief is a form of remedy and not an independent legal cause of action.

Because all of Plaintiff's claims against Uproxx are defective and subject to incurable bases for dismissal, the Complaint should be dismissed as to defendant Uproxx without leave to amend.

## I.  SUMMARY OF ALLEGATIONS OF THE COMPLAINT

Plaintiff's First Amended Complaint sets forth four specific counts in the First Amended Complaint against Uproxx:  (1) third party beneficiary – breach of contract; (2) violation of the Lanham Act; (3) Ohio Right of Publicity in Individual Persona; and (4) Injunctive Relief.

Plaintiff admits that she voluntarily consented to photographer, Joshua Resnick photographing her (ECF #5 ¶¶34-35); that Resnick took the photographs; and, that Plaintiff and Resnick orally agreed that these photographs would not be used for adult-oriented, pornographic, or obscene uses.  (*Id*. ¶ 36.)

Plaintiff further admits, that she signed a "Universal Adult Model Release for All Agencies" that unambiguously imposes no limit on the use of the photographs.  Rather, the release expressly authorizes their unrestricted use.  (*See id*. ¶37.)  The release provides, in pertinent part:

> In consideration of my engagement as a model, upon the terms herewith state, I hereby give to Joshua Resnick, his/her heirs, legal representatives and assigns, those for whom Joshua Resnick is acting, and those acting with his/her authority and permission:

3

a)     The **unrestricted right and permission to copyright and use, re-use, publish, and republish photographic portraits or pictures of me** or in which I may be included intact or in part, composite or distorted in character or form, **without restriction** as to changes or transformations in conjunction with my own or a fictitious name, or reproduction hereof in color or otherwise, made through any and all media now or hereafter known for illustration, art, **promotion**, **advertising**, trade, **or any other purpose whatsoever**.

b)     I also permit the use of **any printed material in connection therewith**.

(Exhibit A to the Complaint, emphasis added.)  Plaintiff does not allege that any defendant, besides Resnick, was even aware of their alleged oral agreement.

Forni alleges that Resnick, in violation of the release and their oral agreement, began to sell the photos of her on the internet to various defendants, including Uproxx.  (ECF #5 ¶39.) Plaintiff does not allege, however, that any contract existed between Resnick and Uproxx.

Plaintiff also alleges that the vast majority of the photos being used by Uproxx and the other defendants were acquired from the website operated by Defendant Shutterstock.  As a result, Plaintiff argues that she is a third-party beneficiary to the Shutterstock TOS between Shutterstock and those "downstream" businesses that purportedly acquired the photographs from Shutterstock.  (*Id*. ¶¶70-72.)  Forni was not a party to the Shutterstock TOS, and she does not allege that she is an ***intended*** third-party beneficiary of the TOS.  Further, Plaintiff does not allege that the photograph(s) allegedly used by Uproxx was/were acquired from Shutterstock. Plaintiff only states that the "vast majority of the photos being used…were acquired from the website operated by Defendant Shutterstock."  (ECF # 5 ¶ 70.)

Plaintiff does not state whether Uproxx purchased the photographs from Resnick or Shutterstock.  In fact, she does not allege how the photographs were supposedly used by Uproxx in any fashion at all.  Plaintiff does, however, address in detail the manner in which some other defendants purportedly used the photographs.  For example, Plaintiff alleges that Defendant Euclid Media is permitting Defendant Tayachat to display one of Plaintiff's photographs in a Cleveland newspaper called "Scene Magazine" in an effort to have readers of the magazine

utilize the sex phone "wild girl chat" chat-line phone service being offered by Defendant

Tayachat.  (ECF #5 ¶ 43a.)  Plaintiff utterly fails to employ that level of specificity to its

allegations regarding Uproxx's claimed use of the photographs.

At bottom, Plaintiff cannot maintain any of the claims against Uproxx and the Complaint

should be dismissed without leave to amend.

## II.    LEGAL ARGUMENTS

### A.    The Court Lacks Personal Jurisdiction Over Uproxx

Plaintiff bears the burden of establishing that the Court has jurisdiction over the

defendant.  *International Technologies Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386 (6th Cir.

1997).  The Court can assert personal jurisdiction either through general jurisdiction or as

specific personal jurisdiction.  It is well-established in the Sixth Circuit, and beyond, that

maintaining a website "that is accessible to anyone over the Internet is insufficient to justify

general jurisdiction."  *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) *citing*, *Cybersell, Inc.

v. Cybersell, Inc.,* 130 F.3d 414, 419–20 (9th Cir.1997) (holding that the maintenance of a

passive website that contained advertisements did not justify the exercise of *specific* jurisdiction

over the defendant, whom the plaintiff conceded was not subject to general jurisdiction).

Specific jurisdiction is permissible only if defendant's contacts with Ohio satisfy the

three-part test established by the Sixth Circuit in *Southern Machine Company v. Mohasco

Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968):

First, the defendant must **purposefully avail** himself of the privilege of acting in the **forum state**

or causing a consequence in the forum state.  Second, the cause of action must arise from the

**defendant's activities there**.  Finally, the acts of the defendant or consequences caused by the

defendant must have a **substantial** enough **connection with the forum state** to make the

exercise of jurisdiction over the defendant reasonable.  *See Calphalon Corp. v. Rowlette,* 228

F.3d 718, 721–24 (6th Cir.2000) (applying the *Mohasco* factors); *Bird v. Parsons*, 289 F.3d 874.

Addressing these factors, *seriatim*, Forni does not allege that Uproxx purposefully

availed itself of the privilege of acting in Ohio; nor that Uproxx takes advantage of the laws and

protections of the state; nor that Uproxx specifically focuses on Ohioans for interactions relating to its business.  As noted at top, Forni does not, and cannot truthfully, allege that Uproxx conducts business in Ohio or that it has employees in the State.  Uproxx, itself, does not sell items through its website to visitors.  Uproxx simply maintains its pop-culture-focused website that is accessible by anyone around the world.  Plaintiffs do not, and cannot, therefore allege that Uproxx conducts activities in Ohio.

The alleged transaction at issue in this Complaint, as to Uproxx, involves the purported acquisition of photographs by Uproxx, a company allegedly "located in Miami, Florida" from Shutterstock, a company allegedly "located in New York, New York."  (ECF #5 ¶¶3, 24.)  There is, and can be, no allegation that the causes of action addressed against Uproxx arise from any activities conducted by Uproxx in Ohio.  Flowing from the initial points above, there are no relevant actions in Ohio and the alleged "consequences" do not render the exercise of jurisdiction over Uproxx reasonable in light of the facts either as presented herein or as alleged in the Complaint.

B.      Federal Rule of Civil Procedure 12(b)(3): Standard of Review

The Federal Rules of Civil Procedure authorize a court to dismiss an action when it is brought in an improper venue.  Fed. R. Civ. P. 12(b)(3).  It is now settled law in the Sixth Circuit that forum selection clauses are enforceable.  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (affirming district court's finding that a forum selection clause was enforceable).  "Ohio's rules of contract construction raise the presumption that the parties' intended their forum-selection clause to be permissive unless there is some further language indicating the parties' intent to make jurisdiction exclusive."  *EnQuip Technologies Group v. Tycon Technoglass*, 986 N.E.2d 469, 475 (Ohio Ct. App. 2012) (internal citations omitted); *see also S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2nd Cir. 2010) ("A forum selection clause is viewed as **mandatory** when it confers **exclusive jurisdiction** on the designated forum or incorporates obligatory venue language. When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make

6

jurisdiction exclusive.  Of course if mandatory venue language is employed, the clause will be enforced.").

a.  By Express Provision, All Claims Arising out of or Relating to the
Shutterstock TOS Must be Litigated in New York Courts.

The forum selection in the Shutterstock TOS at issue here is, however, exclusive and unambiguous:

> Any legal action or proceeding concerning the validity,
> interpretation and enforcement of these TOS, matters arising out of
> or related to these TOS or its making, performance or breach, or
> related matters shall be brought ***exclusively*** in the courts of the
> State of New York in the County of New York, or of the United
> States of America for the Southern District of New York…
> (Emphasis added.) (Exhibit B to Complaint, ¶30; ECF # 9 at 3, ¶30
> (same).)

Despite this express and exclusive mandatory venue language – in a contract on which Forni relies, she nonetheless improperly brought claims against Uproxx (and the other defendants) in Ohio rather than New York, although her claims that arise out of and relate to the Shutterstock TOS.  The language of the Shutterstock mandatory forum selection bars Plaintiff from litigating not only contract claims outside the identified forum (New York), but also her related tort claims.  *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1139-40 (6th Cir. 1991) (forum selection clause governed plaintiff's tort claims of fraud and misrepresentation); *Micropower Group v. Ametek, Inc.*, 953 F.Supp.2d 801, 807-809 (S.D. Ohio 2013) (applying forum selection clause to tort claims).

Once venue is challenged, it is plaintiff's burden to prove that venue is proper.  *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963); *Beckley v. Auto Profit Masters, LLC*, 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003).

Because the Shutterstock TOS expressly prohibits Plaintiff from litigating those Shutterstock TOS claims outside of the specified courts in New York, all such claims should be dismissed.

C.    Fed. R. Civ. P. 12(b)(6): Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim should be granted when it appears beyond doubt that a plaintiff can prove no set of facts in support of the claims that would entitle her to relief.  *Conley v. Gibons*, 355 U.S. 41, 45-46 (1957); *Ram Int'l, Inc. v. ADT Sec. Servs.*, 555 Fed. Appx. 493, 497 (6th Cir. 2014).  While the District Court is to construe a complaint in a light most favorable to the non-moving party, only "well-pleaded" allegations are to be taken as true.  *PR Diamonds, Inc. v. Chandler*, 364 F.3d 672, 680 (6th Cir. 2004).

A valid complaint must provide more than labels, conclusions, or a formulaic recitation of legal elements.  Courts are to disregard legal conclusions couched as factual allegations.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  To survive scrutiny, the complaint must contain factual allegations that support each essential element of each asserted claim.  *Weiner v. Klais & Co.*, 108 F. 3d 86, 88 (6th Cir. 1997) (A complaint must contain allegations on all material elements to sustain a recovery under some viable legal theory).  Plaintiff falls into just this trap in her Complaint and merely alleges the legal elements of causes of action without providing factual allegations, and certainly not as to Uproxx separately.  (*See e.g.* ECF #5, ¶¶84-92.)  A clear example of such improper pleading is evident in Plaintiff's "Third Party Beneficiary" claim (Count IV).  In Count IV, Plaintiff groups Uproxx with 25 or more defendants from authors of novels, to radio stations, to websites, for ***all*** substantive allegations despite their presumably distinct media, businesses, and purported breaches.

On a Rule 12(b)(6) motion, the Court cannot assume facts that Plaintiff failed to allege.  *Associated General Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim.  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of

8

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

a.   <u>Plaintiff Fails to State a Valid Breach of Contract Claim</u>

For two critical reasons, Plaintiff's breach of contract allegations[2] fail to state a valid claim.  First, Forni is neither a party to the Shutterstock TOS (ECF #9) nor does she allege that she is an *intended* third-party beneficiary of it.  (*See*, ECF #5.)  Second, Plaintiff does not allege any facts to establish the essential element that Uproxx failed to perform a contractual obligation. (*Id.*)  For those reasons, the Court should dismiss Plaintiff's breach of contract claim.

The elements of a breach of contract claim under New York law[3] are "(1) formation of a contract between the parties; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage."  *McCormick v. Favreau*, 919 N.Y.S. 2d 572 (2011). "A non-party may sue for breach of contract <u>*only*</u> if [she] is an intended, and not a mere incidental, beneficiary." *LaSalle Nat'l Bank v. Ernst & Young LLP*, 285 A.D.2d 101, 108 (N.Y. App. Div. 1st Dept. 2001).

A cursory review of the Shutterstock TOS reveals that Plaintiff is not a party thereto. (*See* ECF #9.)  Nowhere in Forni's Complaint does she allege — nor can she in good faith allege — that she is an *intended* third-party beneficiary.  At most, Plaintiff is merely an incidental beneficiary to the Shutterstock TOS, in part because her own contractual rights were properly memorialized in the Universal Adult Model Release for all Agencies, incorporated into the Complaint by reference.  (ECF #5 ¶37, Exhibit A.)  Plaintiff cannot throw such a wide net as to capture every website that might link to digital images that she contends were improperly acquired and distributed by Shutterstock.  Due to the viral and interconnected nature of content distribution on the internet, if claims such as this are permitted to expand by two degrees of

---

[2] (Count IV — styled as a Third Party Beneficiary claim for breach of the Shutterstock TOS)
[3] The Terms of Service provide that New York law applies (ECF #9, ¶30).  The elements of a breach of contract claim under Ohio law are essentially identical.  *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012).

9

separation, as Plaintiff seeks to do here, internet commerce would be stifled by the opportunism of Plaintiffs such as Forni evident.

Furthermore, the Shutterstock TOS does not flatly prohibit the use of any photos for adult or pornographic purposes, does it prohibit the licensing of sensitive material that a "reasonable person might find offensive," as Forni claims.  (ECF #5, ¶¶46-47.)  In fact, the Shutterstock TOS expressly provides that such "sensitive" uses may be licensed.  The Shutterstock TOS, Part II Restrictions, reads as follows:

> YOU MAY NOT: …13.  Use an Image in a way that depicts any person therein in a way that a reasonable person might find offensive — this includes, but is not limited to the use of Images: a) in pornography, "adult videos" or the like … **Shutterstock offers licenses that allow for certain "sensitive" uses prohibited by this Standard License**.  Please contact Shutterstock Support for more information.  (Emphasis added.)  (Exhibit B to Complaint, ¶30; ECF # 9 at 3, ¶30 (same).)

This paragraph demonstrates that Forni is not an intended third-party beneficiary of the use restriction.  Shutterstock did not intend to give Forni (or any other model) *carte blanche* to prohibit offensive use of their images.  Instead, Shutterstock simply wished to ensure that it (not Forni) would be paid more for such uses.  Because Plaintiff is, at most, an incidental beneficiary to the Shutterstock TOS, she does not have standing to allege a breach of that contract.

    b.    Plaintiff's Lanham Act Claim is Legally Defective

To establish a valid Lanham Act claim for false association or endorsement, a plaintiff must first prove that the defendant made a false or misleading statement of fact in its commercial advertising or promotion.  *ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 925-26 (6th Cir. 2003) ("False endorsement occurs when a celebrity's identity is connected with a product or service in such a way that consumers are likely to be misled about the celebrity's sponsorship or approval of the product or service."); *CMH Mfg. v. US GreenFiber, LLC*, 2013 U.S. Dist. LEXIS 91914, at *6 (E.D. Tenn. July 1, 2013) (a defendant's motion to dismiss a plaintiff's Lanham Act claim was granted when the plaintiff failed to allege any misrepresentation by the defendant

concerning the nature, characteristics, qualities, or geographic origin of its goods, services, or commercial activities).

Here, Plaintiff does not allege that Uproxx has made any false or misleading statement whatsoever.  Plaintiff admits that she signed a written agreement with Resnick authorizing him to use the photographs "without restriction," for "any purpose whatsoever," and with "any printed material."  (ECF #5, ¶ 37 and ECF #8 ¶¶ a) and b).)  Forni's Complaint does not identify any purported misrepresentation or any false or misleading representation by Uproxx.  Rather, Plaintiff alleges that only Resnick made such an agreement with her.  (ECF #5 ¶36.)  Forni's Complaint thus fails to state a valid Lanham Act claim against Uproxx.  Given her fundamental failure to allege an actionable false or misleading representation against Uproxx, Plaintiff's Lanham Act must be dismissed.

The second requirement to state a valid cause of action under the Lanham Act for false association or endorsement, a plaintiff must establish "secondary meaning."  *Hart v. World Wrestling Entm't, Inc.*, 2012 U.S. Dist. LEXIS 43184, at *29 (D. Conn. Mar. 28, 2012).  "Personal names and photographs are not inherently distinctive, and therefore are 'protected only if, through usage, they have acquired distinctiveness and secondary meaning.'"  *Id.* (internal citations omitted.)  "'Secondary meaning' is a term of art referencing a trademark's ability to 'identify the source of the product rather than the product itself.'"  *Id.*; *ETW Corp.*, 332 F.3d at 922 (as a general rule, a person's image or likeness cannot function as a trademark.)  In other words, a person's appearance may be protected under the Lanham Act only if the appearance no longer primarily identifies the individual, but instead symbolizes a particular business, product, or company.

Here, Plaintiff does not and cannot allege against Uproxx that the photographs allegedly depicting her persona symbolize any particular business, product, or company to identify the origin of specific goods or services.  (*See* ECF #5, generally.)  Indeed, Forni's Complaint fails to allege any "secondary meaning" in her appearance depicted in the photographs whatsoever.  (*Id.*)

Third, to establish a valid Lanham Act claim, a plaintiff must also prove that a defendant's use of a mark to identify its goods or services is likely to create confusion concerning her sponsorship or approval of those goods or services. *ETW Corp.*, 332 F.3d at 926; *Stayart v. Yahoo! Inc.*, 651 F. Supp. 2d 873 (E.D. Wis. 2009). In *Stayart*, the plaintiff filed a lawsuit against multiple internet companies that included her name in connection with on-line links to pornography websites, online pharmacies promoting sexual dysfunction drugs, and adult-oriented online dating services. *Id.* at 877. The court there held that a commonsense reading of the complaint revealed that the plaintiff could not show any "likelihood of confusion" given her allegations that she "*explicitly disavows* any association with pornographic materials, sexual dysfunction drugs, or sexually-oriented dating services." *Id.* at 883 (emphasis in original). The court concluded that allegations disavowing a potential for association with adult-oriented products and services contravene any finding of likelihood of confusion, and plaintiff "pleaded herself out of court on her Lanham Act claim" as a result. *Id.*

The operative facts here are effectively identical to those in *Stayart*. Forni's Complaint alleges that she would "never authorize" the use of her photographs for adult-oriented purposes. (ECF #5 ¶ 78.) Thus, just as in the *Stayart* case, Forni's Complaint here establishes the lack of any likelihood of confusion because she expressly disavows any potential for her association with the complained-of uses of the photographs.

Fourth, to establish a valid Lanham Act claim, a plaintiff must "prove that he or she is a 'celebrity.'" *ETW Corp.*, 332 F.3d at 925-26. *See also Uhlig LLC v. Shirely*, 2011 U.S. Dist. LEXIS 31833, at *19 (D.S.C. March 25, 2011) *citing ETW Corp.*, *supra*. Only celebrities have standing to assert a false association or endorsement claim under the Lanham Act. *Uhlig*, 2011 U.S. Dist. LEXIS 31833, at *19-20 *citing* 1 Federal Unfair Competition: Lanham Act 43(a) ("However, section 43(a) does not protect a non-celebrity…."); McCarthy on Trademarks and Unfair Competition § 28:15 (4th ed.) ("False endorsement occurs when a *celebrity's* identity is connected with a product or service in such a way that consumers are likely to be misled about the celebrity's sponsorship or approval of the product or service.") (Emphasis added.)

12

Here, Plaintiff's Complaint does not allege, and cannot allege, that she is a celebrity, or is otherwise well-known to consumers.  As Forni cannot allege that essential element, her purported Lanham Act claim is fatally flawed.

c.    <u>Plaintiff's "Right of Publicity" Claim is Legally Defective</u>

Plaintiff's statutory "Right of Publicity" claim also fails for multiple independent reasons that require its dismissal.

First, Forni admits in her Complaint that she signed a blanket release authorizing unrestricted use of the photographs and that she expressly "release[d]…any claims for invasion of privacy."  (ECF #5 ¶37 and ECF # 8 ¶¶ a), b), and d).)  Forni cannot avoid dismissal of her claim by alleging parol evidence that directly contradicts that writing.  That is true regardless of Plaintiff's allegation that the written release does not contain an express integration clause.  *See, e.g., Bellman v. Am. Int'l Group*, 113 Ohio St. 3d 323, 326-327 (2007) ("[a] contract that appears to be a complete and unambiguous statement of the parties' contractual intent is presumed to be an integrated writing…[w]hether a contract is integrated, therefore, is not dependent upon the existence of an integration clause to that effect, and the presence of an integration clause makes the final written agreement no more integrated than does the act of embodying the complete terms into the writing.")

Ohio Revised Code 2741.02(B) expressly authorizes the commercial use of an individual's persona for commercial purposes if she provides written consent, which — based on Forni's own pleading (ECF # 8) — undeniably occurred here.  Accordingly, this Court should dismiss Plaintiff's "Right of Personality" claim without leave to amend.

Second, Forni's Complaint establishes that the photographs at issue here are expressly excluded from the coverage of the "Right of Publicity" statute, pursuant to which she alleges this count her claim.  Ohio Revised Code § 2741.09 provides in pertinent part that:

> (A)    This chapter does ***not*** apply to any of the following:
>
>     (1)   ***
>
>         (c) Original works of ***fine art***.  (Emphasis added.)

13

As Forni's Complaint specifically asserts that Resnick took original photographs of Plaintiff in Columbus, Ohio "for the TP [Trade for Portfolio]," those photographs constitute "original works of fine art." (ECF # 5 ¶ 35.) Fine art photography has been defined as "the production of images to fulfill the creative vision of a photographer…. Synonymous with art photography." Barbara Lynch-Johnt and Michelle Perkins, *Illustrated Dictionary of Photography: the Professional's Guide to Terms and Techniques*, ISBN 978-1-58428-222-8, p. 41 (Buffalo, NY: Amherst Media, 2008).

The only items at issue in Forni's Complaint are the photographs of Plaintiff taken by Resnick that constitute "fine art." Because the photographs at issue are "fine art," Forni cannot establish a valid "Right of Publicity" claim.

d. A Demand for Injunctive Relief is Not a Valid Cause of Action

Injunctive relief is a form of remedy, not a cause of action unto itself. *Thompson v. JPMorgan Chase Bank, N.A.*, 2014 U.S. App. LEXIS 7724, at *3, fn. 1 (6th Cir. 2014) ("[i]njunctive relief is not a cause of action, it is a remedy"); *Hammond v. Citibank, N.A.*, 2011 U.S. Dist. LEXIS 109818, 34 (S.D. Ohio Sept. 27, 2011) ("[b]ecause the Court finds that Injunctive relief is a remedy, should Plaintiffs prevail, … the Court grants Defendant's Motion to Dismiss Plaintiff's claim insofar as it purports to state a claim for Injunctive relief").

Because claims for injunctive relief do not constitute valid independent causes of action, this Court should dismiss Count VII in Plaintiff's First Amended Complaint.

///

///

///

14

### III.    CONCLUSION

Forni's Complaint is fatally flawed and fails to state any cognizable claim against

Uproxx.  For all of the foregoing reasons, this Court should dismiss her claims against Uproxx.

Dated: September 9, 2014                /s/ Laith D. Mosely_____
                                        Miles J. Feldman (California Bar No. 173383)
                                        Laith D. Mosely (California Bar No. 250832)
                                        Raines Feldman LLP
                                        9720 Wilshire Boulevard, 5th Floor
                                        Beverly Hills, California 90212
                                        Telephone: (310) 440-4100
                                        Facsimile: (310) 691-1367
                                        Email:   mfeldman@raineslaw.com
                                                 lmosely@raineslaw.com
                                        Admitted *pro hac vice*