## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE FORNI, | ) | CASE NO.  1:14-cv-01070 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | |
| | ) | **DEFENDANT SHUTTERSTOCK, INC.'S** |
| JOSHUA RESNICK, *et al.,* | ) | **REPLY IN SUPPORT OF ITS MOTION** |
| | ) | **TO DISMISS PLAINTIFF'S** |
| Defendants. | ) | **FIRST AMENDED COMPLAINT** |

## INTRODUCTION

Notwithstanding the arguments set forth in Plaintiff's[1] Opposition, each of her pleaded claims as against Shutterstock[2] is defective, and all of them should be dismissed.[3]

Plaintiff's Opposition strains in its attempt to avoid dismissal of her Count V Lanham Act claim as against Shutterstock and to avoid dismissal of her Count VI Ohio statutory claim as against Shutterstock, in each instance essentially by citing to – and relying on – the naked parroting in her First Amended Complaint of the elements for causes of action under the Lanham Act and under the Ohio "Right of Publicity" Act.

---

[1] Plaintiff Nicole Forni ("Plaintiff").

[2] Defendant Shutterstock, Inc. ("Shutterstock").

[3] Plaintiff's Opposition (ECF # 74) fails the requirements of Local Rule 7.1(f), as it exceeds fifteen pages yet does not contain the mandatory table of contents, table of cited authorities, brief statement of the issues to be decided, and summary of the argument presented, and it is not accompanied by the required page-length certification.

But, her argument on both of those two counts simply cannot remedy that, as a matter of law, her pleading of them fails to allege facts necessary to state a valid claim for relief against Shutterstock that is plausible on its face under the respective statute.[4]  And, objective review of the case law that she cites in her Opposition demonstrates that those two claims as against Shutterstock fail as a matter of law and should be dismissed.

## ARGUMENT

### A. Plaintiff's Lanham Act Claim Against Shutterstock Should Be Dismissed

Plaintiff's Opposition does nothing to overcome the multiple, independently fatal bases that compel dismissal of her Lanham Act count as against Shutterstock.  While Plaintiff acknowledges – as she must – that, to survive a motion to dismiss, she must allege "more than 'a formulaic recitation of a cause of action's elements'" (Opposition, ECF # 74 at 5), any objective review of her allegations shows that she failed to do so with respect to Shutterstock.

In her Opposition, Plaintiff primarily argues that paragraph 76 of her First Amended Complaint (ECF # 5) sufficiently alleges a false or misleading statement by Shutterstock to avoid dismissal of her Lanham Act claim.  But, that paragraph is just a wholly unadorned, formulaic recitation of the required "misleading statement" element.  (First Amended Complaint, ECF # 5 ¶ 76.)  It is entirely devoid of any _factual allegations_.  (Id.)

---

[4] Notably, Plaintiff does _not_ dispute that her Count IV claim (captioned "Third Party Beneficiary – Breach of Agreement") and her Count VII claim (captioned "Preliminary Permanent Injunction") are defective as against Shutterstock and should be dismissed, (_see_ Opposition, ECF # 74, generally).  Merely reprinting the so-called factual allegations from her pleading does nothing to establish them as sufficient predicates for fatally flawed causes of action.  The grounds for dismissal of those claims are compelling, unopposed, and unchallenged. _See_, _e.g._, Hess v. City of Huber Heights, 2014 U.S. Dist. LEXIS 92370, at *17-18 (S.D. Ohio July 8, 2014) (_held_: "In response to the motions to dismiss, [plaintiff] sets forth no argument concerning this purported claim.  Accordingly, it appears Hess has abandoned such a claim and waived any arguments concerning dismissal") a_dopted in full by_ 2014 U.S. Dist. LEXIS 105726 (S.D. Ohio July 31, 2014).

Moreover, in the entirety of both Plaintiff's First Amended Complaint and her dismissal Opposition, she does not identify even a single false statement allegedly made by Shutterstock in commerce.  (*See* First Amended Complaint, ECF # 5, generally, and Opposition, ECF # 74, generally.)  Given the utter absence of any such factual allegations, as a matter of law Plaintiff's Lanham Act claim cannot stand.

On that basis alone, the Court should dismiss it.  *See*, *e.g.*, Lorenzo v. Bristol-Myers Squibb Co., 2012 U.S. Dist. LEXIS 105518, at *4 (N.D. Ohio July 30, 2012) (J. Donald Nugent) (*held*: "[i]n order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions – a formulaic recitation of the elements of a cause of action alone will not suffice") *citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Nat'l Interstate Ins. Co. v. Motor Coach Indus., 2012 U.S. Dist. LEXIS 9388, at *3 (N.D. Ohio Jan. 26, 2012) (J. Donald Nugent) (*held*: "In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the material required to be in the complaint, whether the complainant can prove a set of *facts* entitling the complainant to recovery on the allegations against the moving party….  In making this assessment, the Court must take only well-pleaded factual allegations as true *and reject allegations that are nothing more than "a formulaic recitation of the elements of a cause of action*….  The standard articulated in Iqbal and Twombly is designed to screen out more than 'little green men' cases; the standard is designed to screen out cases that, while not utterly impossible, are implausible."  [Emphasis added.]); Fennick v. Sams, 2012 U.S. Dist. LEXIS 1390, at *4 (S.D. Ohio Jan. 5, 2012) ("a complaint will not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") *adopted by* Fennick v. Sams, 2012 U.S. Dist. LEXIS 46556 (S.D. Ohio Feb. 27, 2012); Cecere v. R.J. Reynolds Tobacco Company, 1998

WL 665334 (S.D.N.Y. Sept. 28, 1998) (_held_: "dismissal is proper where plaintiffs have offered

nothing more than an unsupported conclusion that a particular element of a claim is satisfied");

Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 634-635 (S.D.N.Y. 2008)

(_held_: dismissal of a Lanham Act claim was proper where the plaintiff did not allege any facts to

support the conclusion that consumer confusion will likely result.)

Plaintiff's Lanham Act claim also should be dismissed on the independently fatal ground

that she has not alleged any facts that could possibly establish "secondary meaning"[5] in the

photographs at issue here.   Plaintiff's Opposition badly confuses the "secondary meaning"

requirement.  Arguing that "her persona symbolizes her business as a promotional model," she

requests that this Court treat her as a walking/talking trademark.  (Opposition, ECF # 74 at 9.)

But, the Sixth Circuit has strongly rejected such an argument:

> [Plaintiff] claims protection under the Lanham Act for any and all
> images of Tiger Woods.  This is an untenable claim.  [Plaintiff]
> asks us, in effect, to constitute Woods himself as a walking, talking
> trademark.  Images and likenesses of Woods are not protectable as
> a trademark because they do not perform the trademark function of
> designation.  They do not distinguish and identify the source of
> goods…. No reasonable person could believe that merely because
> these photographs or paintings contain Woods's likeness or image,
> they all originated with Woods.

ETW Corp. v. Jireh Publ'g, Inc., 332 F.3d 915, 922 (6th Cir. 2003).

And, Plaintiff's First Amended Complaint does not allege any facts that could possibly

show that the photographs at issue acquired "secondary meaning" _before_ any alleged use of them

by Shutterstock.[6]  Plaintiff's pleading does not even make a bare conclusory allegation that

---

[5] Secondary meaning is defined as public association of a product or service with a single source.

[6] Indeed, Plaintiff's First Amended Complaint does not allege any use of the photographs in
commerce by her prior to Shutterstock's alleged use of them.

4

consumers have come to associate the at-issue photographs with any product or services offered by Plaintiff or any specific business, product, or service; nor does she allege that the photographs are distinctive in any manner whatsoever.

Absent sufficient factual allegations that, if believed, would permit a reasonable trier of fact to find "secondary meaning" in the photographs, Plaintiff fails as a matter of law to state a valid claim under the Lanham Act.  *See*, *e.g.*, Walsh Bishop Assocs. v. O'Brien, 2012 U.S. Dist. LEXIS 25219, at *18 (D. Minn. Feb. 28, 2012) (*held*: "Walsh Bishop offers only conclusory statements that its marks 'have come to be understood by customers and the public' because of its 'long, continuous, and exclusive use of its trade names.'  Such conclusory statements and rote recitations of elements are not sufficient to state a claim based on secondary meaning.  Beyond reciting the elements of the analysis and stating that it has existed for twenty-seven years, Walsh Bishop fails to present facts from which the court could draw an inference that its marks, particularly WBA, have acquired secondary meaning.  As a result, Walsh Bishop has not pleaded facts sufficient to infer that it has a protect[a]ble interest in the WBA mark, and therefore, dismissal of the trademark-infringement claim is warranted on this basis alone."); *cf*. Fennick v. Sams, 2012 U.S. Dist. LEXIS 1390, at *9 fn. 3 (*held*: dismissing a trade name infringement claim in part because "[p]laintiff has also failed to allege sufficient facts for the Court to reasonably infer secondary meaning….").

Finally, this Court should dismiss Plaintiff's Lanham Act claim as against Shutterstock on the further independent ground that her own pleading disavows any possibility that there could be a finding of "likelihood of confusion."[7]  Plaintiff's Opposition argues – incorrectly –

---

[7] Contrary to Plaintiff's argument in her Opposition, this Court may dismiss Plaintiff's Lanham Act claim on a motion to dismiss.  *See*, *e.g.*, Louis Vuitton Mallatier S.A., v. Warner Bros.

that the disavowal in the Stayart[8] case is somehow different from that made by Plaintiff in this case, but for all relevant purposes the disavowals in Stayart and here are identical.

In each case, the plaintiff disavowed in her pleading the she would ever voluntarily affiliate with adult-oriented products and services; thus, consumers could not possibly be confused that the plaintiff was affiliated with or endorsed such products and services.  (*Compare* Stayart, 651 F. Supp. 2d at 883 *with* First Amended Complaint, ECF # 5 at 21, ¶ 78.) Notwithstanding that Plaintiff says in her Opposition that she "disagree[s]" with the analysis in Stayart, she fails to identify any legal authority for the proposition that her Lanham Act claim can survive in the face of her disavowals.  As a matter of law, it cannot.

Indeed, the very authority cited by Plaintiff in her Opposition – Albert v. Apex Fitness, Inc., 1997 WL 323899 (S.D.N.Y. Jun. 13, 1997) – shows that her Lanham Act claim fails in part because she cannot show any "likelihood of confusion."   In that case, a model sued a fitness company for using his photo in a promotional poster without his consent.  Id. at *1.  The district court dismissed the Lanham Act claim.  Id.

Essential to such a claim, held the court, is "a likelihood that the relevant audience will be misled into believing that the plaintiff endorsed the defendant's product or service."  Id.  The plaintiff was a professional model, who had not alleged that he was well known or a celebrity, which the court found was corroborated by Plaintiff's own allegation that he earned only $150

---

Entm't Inc., 868 F. Supp. 2d 172, 183-184 (S.D.N.Y. 2012) (*held*: the court could properly dismiss a plaintiff's Lanham Act claim on a motion to dismiss because no reasonable trier of fact could find a likelihood of confusion based on the allegations in the plaintiff's complaint); *cf.* Fennick, 2012 U.S. Dist. LEXIS 1390, at *9.

[8] Stayart v. Yahoo! Inc., 651 F. Supp. 2d 873 (E.D. Wis. 2009) (cited in Shutterstock's Memorandum in Support of its Motion to Dismiss, ECF # 52-1 at 8).

for posing for the photograph. Id. On those facts, the district court held, no reasonable trier of fact could conclude that the plaintiff had personally endorsed the fitness company's products. Id.

Here, the allegations are even weaker. Plaintiff admits that her pleading does not allege that she is well known or a celebrity; and, she alleges that she posed for the photographs entirely on a "trade for portfolio" basis. (ECF # 5 at 12-13, ¶¶ 34-35.) Further, Plaintiff's pleading does not set forth any allegations that could lead a reasonable trier of fact to conclude that Shutterstock used photographs of Plaintiff to show that she endorsed Shutterstock's business of selling stock photography, and her pleading does not even make allegations that could support a reasonable trier of fact in finding that Shutterstock used her photographs for promotional purposes at all. (Id., generally.)

The only allegation is that Shutterstock included photographs of Plaintiff along with the numerous other of its stock photographs.[9] (Id. at 7, 15 and 20, ¶¶ 3 and 44-45, and 70.) Thus, as in Albert, Plaintiff has failed to allege any facts that a reasonable trier of fact could conclude establishes any "likelihood of confusion" that Plaintiff endorsed, or is affiliated with, Shutterstock's stock photography business.

As Plaintiff has not alleged facts that are plausible on their face to establish each essential element of her Lanham Act claim as against Shutterstock, the Court should dismiss that claim, with prejudice, as against Shutterstock.

---

[9] In other words, there are no factual allegations whatsoever as against Shutterstock that could possibly indicate origin or suggest any representation of sponsorship by Plaintiff. For example, Plaintiff does not allege that _consumers_ who see the at-issue photographs of her are likely to recognize her. (_See_ ECF # 5, generally.)

**B. Plaintiff's Ohio Statutory "Right of Publicity" Claim Against Shutterstock Should Be Dismissed**

Plaintiff's Opposition also does nothing to overcome the multiple, independently fatal grounds that compel dismissal of her Ohio statutory "right of publicity" claim as against Shutterstock.  She does not dispute the existence of the written, blanket release that expressly authorizes Shutterstock's use of the photographs.  (*See*, *e.g.*, First Amended Complaint, ECF # 5 at 13, ¶¶ 37 and Release, ECF # 8, ¶¶ "a)", "b)," and "d).")  Pursuant to Ohio Revised Code § 2741.02(B), such a written consent explicitly entitles a party to use an individual's persona for commercial purpose.  For several reasons, Plaintiff is mistaken that she can evade dismissal by asserting that the release is not a valid "contract."

First, Ohio Revised Code § 2741.02(B) does not require a "contract" to authorize the use of one's persona.  All that is required is "written consent"; and, the statute defines "written consent" as including "*written*, electronic, digital, or *any other verifiable means of authorization*."  Ohio Rev. Code § 2741.01(F).  Given Plaintiff's own pleading admission that she signed a written authorization consenting to Shutterstock's unrestricted commercial use of the photographs,[10] no reasonable juror applying Ohio's statutory "right of publicity" claim could find that Shutterstock violated its provisions.

Second, Plaintiff's Opposition fails even to address the legal authority already before this Court that establishes that she cannot use parol evidence to alter the terms of her written, signed release.  *See* Bellman v. Am. Int'l Group, 113 Ohio St. 3d 323, 326-327 (2007) and Adams v. Tabor-Smith, 2002 Cal. App. Unpub. LEXIS 8707, at *14-15 (Cal. App. 2d Dist. Sept. 17, 2002).  Plaintiff cannot use allegations of directly conflicting oral agreements with Defendant

---

[10] *See* First Amended Complaint, ECF # 5 at 13, ¶ 37 and ECF # 8, ¶¶ "a)", "b)," and "d)."

Resnick to try to defeat the effect of her blanket written authorization to Shutterstock.  *See* id. and Myskina v. Conde Nast Publ'ns, Inc., 386 F. Supp. 2d 409 (S.D.N.Y. 2005) (*held*: the parol evidence rule bars the admission of any prior or contemporaneous admission of negotiations or agreements offered to contradict or modify the terms of a written release).  This is especially true here, as Plaintiff does not allege any fraud whatsoever on the part of Shutterstock.

Moreover, Plaintiff's Opposition also does not defeat the applicability, as a matter of law, of the "fine art" exception in Ohio Revised Code § 2741.09, based on the allegations in the First Amended Complaint.  None of the definitions of "fine art" that Plaintiff cites in her Opposition even remotely shows that the photographs at issue here are not "fine art."  For example, the photographs here meet all of the elements of the Merriam-Websters dictionary definition of "fine art" that Plaintiff cites – that is, the essence of Plaintiff's allegations in this case center on Defendant Resnick's taking of beautiful photographs for inclusion in "portfolio[s]" focused on aesthetics.  (Opposition, ECF # 74 at 15.)[11]

Perhaps in recognition, Plaintiff's Opposition attempts to avoid the compelling application of the "fine art" exception by contradicting her own pleading and now suddenly arguing that the photographs were "created for commercial purposes or utility in exchange for money."  (Opposition, ECF # 74 at 15.)  But, objective review of Plaintiff's pleading shows that, in truth, she has alleged the exact opposite.  Specifically, the First Amended Complaint alleges that the photographs were created without the exchange of any money whatsoever, and as part of a "trade for portfolio" for inclusion in "portfolio[s]."  (First Amended Complaint, ECF # 5 at 12, ¶ 34.)   Plaintiff also has filed a sample of the photographs at issue, which conclusively

---

[11] Plaintiff blatantly errs in arguing that Shutterstock has asserted that all photographs constitute "fine art."  Here, Shutterstock's Motion to Dismiss presents that *the photographs at issue in this case* are "fine art."  (*See* Memorandum in Support of Motion to Dismiss, ECF # 52-1 at 10-11.)

shows that they are "fine art" – that is, they depicted aspects of artistic interpretation of the photographer's (Defendant Resnick's) vision.  (*See*, *e.g.*, at-issue photograph, ECF # 37-1 at 4 [Page ID # 347].)

Plaintiff's further argument that the "fine art" exception does not apply here because the definition of "persona" in Ohio Revised Code § 2741.01 includes "photographs" is unsound and simply ignores the plain statutory language.  The "fine art" exception states that the entire chapter, "Right of Publicity in Individual's Persona" – which includes the definition of "persona" – does *not* apply to "original works of fine art."  *See* Ohio Rev. Code § 2741.09(A).  Thus, under the express terms of the statute, the "fine art" exception does not somehow become inapplicable merely because the medium used to present the "fine art" is photography.

Thus, as Plaintiff's Ohio statutory "right of publicity" claim fails for multiple independently fatal reasons, this Court should dismiss that claim, with prejudice, as against Shutterstock.

## CONCLUSION

For multiple independent reasons, each of Plaintiff's pleaded Count V claim under the Lanham Act and Count VI claim under the Ohio statute fails as against Shutterstock, as a matter of law.  And, Plaintiff does not even dispute the compelling multiple, independent grounds for dismissal of her Count IV and Court VII claims as against Shutterstock.  Accordingly, all of those claims should be dismissed, with prejudice, as against Shutterstock.

Moreover, for the reasons set forth in Shutterstock's Motion to Dismiss, to whatever extent the Court may nonetheless determine not dismiss all of Plaintiff's claims as against Shutterstock any remaining claims as against Shutterstock should be transferred to the United States District Court of the Southern District of New York.  Plaintiff's Opposition does not

challenge the existence, validity, or enforceability of the forum selection clause set forth in the Terms of Service.  (*See* Opposition, ECF # 74 at 16-17.)

That provision requires Plaintiff to litigate any disputes she has against Shutterstock in certain specified New York courts.  (Terms of Service, ECF # 9 at 3, ¶ 30.)  Plaintiff's Opposition further acknowledges that 28 U.S.C. § 1404(a) permits the Court to transfer cases to a venue provided for by the parties.  (Opposition, ECF # 74 at 16.)  Given the valid and binding forum selection clause set forth in the Terms of Service, this Court should transfer whatever claims may remain against Shutterstock to the State of New York pursuant to 28 U.S.C. § 1404(a).

For all these reasons, Plaintiff's pleaded claims as against Shutterstock should be dismissed with prejudice; and, to whatever extent not dismissed, should be transferred.

Respectfully submitted,

*/s/ Steven J. Miller*
STEVEN J. MILLER (0014293)
DAVID A. KUNSELMAN (0073980)
MILLER GOLER FAEGES LAPINE LLP
1301 East 9th Street, Suite 2700
Cleveland, OH 44114-1835
Phone: (216) 696-3366 · Fax: (216) 363-5835
Miller@MGFL-Law.com
Kunselman@MGFL-Law.com

**Counsel for Defendant**
**Shutterstock, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2014, the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_/s/ Steven J. Miller_
STEVEN J. MILLER (0014293)