IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICOLE FORNI       ) | CASE NO. 1:14 CV 1070 |
|        Plaintiff,       ) | |
| v.       ) | JUDGE DONALD C. NUGENT |
| JOSHUA RESNICK, et al.,       ) | |
|        ) | MEMORANDUM OPINION |
|        ) | AND ORDER |
|        Defendants.       ) | |

This matter is before the Court on Defendant Shutterstock, Inc.'s ("Shutterstock") Motion to Dismiss Plaintiff's First Amended Complaint, and on Defendant UPROXX Media, Inc.'s ("UPROXX") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), & 12 (b)(6).  (ECF #52, 77).  The motions sought dismissal for failure to state a claim, for improper venue, and in the case of UPROXX for lack of personal jurisdiction. Plaintiff filed opposition briefs addressing each motion, (ECF #74, 86), and the moving parties each filed Reply briefs in support of their motions to dismiss.  (ECF #78, 88).  In their reply briefs, Shutterstock and UPROXX both sought a transfer to the Southern District of New York, if the Court found that dismissal on the basis of venue was not warranted.

**FACTUAL ALLEGATIONS**

For purposes of deciding these Motions to Dismiss, the factual allegations set forth in the First Amended Complaint will be accepted as true. The First Amended Complaint alleges as follows:

Plaintiff Nicole Forni, is a professional model and citizen of Ohio. She has been paid and continues to be paid for professional modeling work. On or about January 20, 2013, a photographer, Defendant Joshua Resnick contacted her and asked if she would be willing to work for a Trade for Portfolio, which is a service exchange arrangement wherein a model is photographed and in lieu of any exchange of money, both the photographer and the model receive the pictures to be added to his/her portfolio. Ms. Forni agreed to the Trade for Portfolio in reliance on an unconditional oral promise by Mr. Resnick that none of the photos he took of her would be used, directly or indirectly, in any adult-oriented, pornographic, or obscene manner. Having received such promise from Mr. Resnick, Ms. Forni participated in the Trade for Portfolio shoot in Columbus, Ohio.

Following the photo session, and prior to leaving the studio, Ms. Resnick signed a document entitled "Universal Adult Model Release for All Agencies." This document states that Ms. Forni gives Joshua Resnick, and his assigns, and those acting with his authority and permission, "the unrestricted right and permission to copyright and use, re-use, publish, and republish photographic portraits or pictures of [her] . . . without restrictions… in conjunction with [her] own or a fictitious name . . . made through any and all media now or hereafter known for illustration, art, promotion, advertising, trade or any other purpose whatsoever." The document does not include any limitation of use, including any limitation related to adult-

oriented, pornographic, or obscene materials.

Almost immediately following the photo shoot, Mr. Resnick began to sell photos of the Plaintiff on the internet for adult-oriented and/or sexual purposes, including but not limited to Defendant Shutterstock, and Defendant UPROXX.  In a seemingly potentially contradictory allegation, Ms. Forni also alleges that all captioned defendants acquired her photographs from Defendant Shutterstock, pursuant to a term of service agreement.  Ms. Forni further alleges generally that all of the Defendants are regularly using her photographs to promote adult sexually-oriented products and services, including but not limited to prostitution, sexual products, sexual services, sex trades, stripper services, escort services, billboards, and/or wall paper/murals.

With regard to the two defendants at issue in this opinion, the Complaint specifically alleges that Defendant UPROXX Media, Inc. is an internet social media/magazine company located in Miami, Florida.  There are no more specific allegations as to the nature of Defendant UPROXX's use of her photographs.   With regard to Defendant Shutterstock, Ms. Forni alleges that it is a photography sales internet company located in New York, New York.   The First Amended Complaint claims that Ms. Forni's photos have been and continue to be sold through a website operated by Defendant Shutterstock pursuant to a written contract called "Terms of Service" agreement.  The standard Terms of Service agreement between Shutterstock and its clients has an express prohibition against the use of photographs sold of the site in combination with pornographic, defamatory, or otherwise unlawful or immoral content.  The Terms of Service agreement also prohibits using any photograph in a way which a reasonable person might find offensive, including but not limited to the use of the images in pornography, adult

videos, "or the like", or in ads for adult entertainment clubs, escort, dating, or similar services.[1] Also banned are uses that would imply that the model engages in immoral or illegal activity, or which are defamatory or contain otherwise unlawful, offensive, or immoral content.

The terms set forth above are included in the "standard" Terms of Services agreement. However, that agreement also references the availability of an "Enhanced License" which would expand the permissible uses of the photographs, and which might allow for certain "sensitive" uses otherwise prohibited in the Standard license. The First Amended Complaint does not allege that Shutterstock offered any of Ms. Forni's photographs for sale under an enhanced licensing agreement. The Terms of Service ("TOS") agreement also contains a clause stating that "[a]ny legal action or proceeding concerning the validity, interpretation and enforcement of these TOS, matters arising out of or related to these TOS or its making, performance or breach, or related matters shall be brought exclusively in the courts of the State of New York in the County of New York, or of the United States of America for the Southern District of New York, and all parties consent to the exclusive jurisdiction of those courts, waiving any objection to the propriety or convenience of such venues. . . .matters arising out of or related to these TOS or their making, performance or breach, and related matters shall be governed by the internal laws of the State of New York (without reference to choice of law doctrine)." (ECF #9, pg. 3).

---

[1] The Terms of Service agreement also prohibits use of the photographs sold in connection with political endorsements, advertisements or promotional materials for pharmaceutical or healthcare, herbal or medical products or services, or in a manner that suggests the model suffers from a physical or mental infirmity, ailment or condition.

-4-

**LEGAL ANALYSIS**

Defendants Shutterstock and UPROXX have both moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue) and 12(b)(6)(failure to state a claim upon which relief can be granted). In addition, Defendant UPROXX seeks dismissal under Fed. R. Civ. P. 12(b)(2)(lack of personal jurisdiction).

Before addressing the merits of the Defendant's substantive arguments, the Court must address the issues of venue and personal jurisdiction. As a determination to change venue could alter the existence of personal jurisdiction, the Court will look first to the venue issues raised by both Shutterstock and UPROXX.

The Federal Rules of Civil Procedure also authorize dismissal of an action when venue in that court is improper. The United States Supreme Court has held that the violation of a forum selection in a contract does not render venue improper for purposes of Fed. R. Civ. P. 12(b)(3). *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S.Ct. 568, 187 L.Ed. 2d 487 (2013). The existence of a forum selection clause may, however, form the basis for a transfer pursuant to 28 U.S.C. § 1404(a).

Venue is proper for purposes of Fed. R. Civ. Pro. 12(b)(3) in a civil action not founded solely on diversity of citizenship, only when it is brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendants may be found, if there is no other district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The burden of establishing proper venue falls upon the plaintiff.

Although both of the moving Defendants seek dismissal of the action for improper venue based on the forum selection clause contained in Shutterstock's Term of Services agreement, and none of the parties have addressed the propriety of venue pursuant to the requirements of 28 U.S.C. § 1391(b), it is unclear under the facts alleged in the Complaint whether proper venue lies in the Northern District of Ohio, even without regard to the forum selection clause. It is clear that at least one Defendant originally named in the Complaint (Euclid Media), although now dismissed, is alleged to have been found in the Northern District of Ohio, which would provide a basis for venue under 28 U.S.C. § 1391(b)(3). However, subsection (3), the location where one defendant may be found, is not a proper basis for venue unless there is no other district in which the action may otherwise be brought.

It is clear from the Complaint that not all defendants reside in the same state, therefore subsection (1) of section 1391(b) does not provide the answer to the appropriate venue. However, it is alleged in the Complaint that the activities, promises, contracts, and purported fraud that originally gave rise to this suit occurred in Columbus, Ohio. Under subsection (2) of section 1391(b) this would create proper venue in the Southern District of Ohio. There are also allegations that most, if not all, of the Defendants purchased the photographs at issue through an internet photography sales company located in New York, NY, pursuant to a Terms of Service Agreement containing a forum selection clause stating that "[a]ny legal action or proceeding concerning the validity, interpretation and enforcement of these TOS, matters arising out of or related to these TOS or its making, performance or breach, or related matters shall be brought exclusively in the courts of the State of New York in the County of New York, or of the United States of America for the Southern District of New York." This would create proper venue in

the Southern District of New York both under subsection (2) of section 1391(b), and by contractual agreement of the parties. Therefore, there are at least two other districts in which this action may otherwise have been brought. The existence of one defendant, and the plaintiff, in this district is, therefore, not a sufficient basis upon which venue can be established in this Northern District of Ohio.

Pursuant to Fed. R. Civ. Pro. 12(b)(3), when venue is not proper in the chosen forum, the Court may dismiss the action. Alternatively, however, pursuant to 28 U.S.C. §1406, if it is in the interests of justice, the district court may transfer the case to any district or division in which if could have been brought. As both of the moving Defendants seek dismissal of the action for improper venue based on the forum selection clause contained in Shutterstock's Term of Services agreement and none of the parties have addressed the propriety of venue pursuant to the requirements of 28 U.S.C. § 1391(b), transfer rather dismissal on these grounds would appear to better serve the interests of justice.

Further, even if venue were technically proper under 28 U.S.C. 1391(b), transfer would be still be warranted pursuant to 28 U.S.C. § 1404(a), a provision cited both by the Plaintiff and both moving parties, based on the forum selection clause contained in the Terms of Service Agreement. As the Southern District of New York is the venue chosen in the forum selection clause, and would appear to otherwise be an appropriate venue under 28 U.S.C. 1391(b)(2), this case shall be transferred to the Southern District of New York for all further proceedings.
IT IS SO ORDERED.

    /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:   November 26, 2014